WATKINS, Judge.
This is an action for worker’s compensation benefits. The trial court awarded plaintiff, Harold J. Naquin, $39.00 per week for 200 weeks for partial loss of use of an arm, penalties, and attorney’s fees. The plaintiff has appealed seeking increased compensation for total or partial disability under LSA-R.S. 23:1221(2) and 23:1221(3), respectively. Defendant, Uniroyal, Inc., has answered the appeal, seeking reduction or elimination of penalties and attorney’s fees. We affirm the judgment of the trial court in all respects.
Naquin was employed as controls coordinator by Uniroyal for six years, a supervisory position he had attained after having worked up through the ranks. On or about July 29, 1978, while performing his tasks at Uniroyal’s Scott’s Bluff plant, he tripped over some hoses and fell against the wall, dislocating his left shoulder. At the time he was 53 years of age. He was seen by two physicians and hospitalized. During a recovery period of several weeks, he was paid full salary by Uniroyal. He returned to his job with Uniroyal, and performed most of his old tasks, although he was physically unable to perform some, notably, turning valves, climbing vertical ladders, and drawing lines on charts. He worked for the same salary, approximately $27,000 per year.
Shortly after the beginning of the next year, the plant at which Naquin worked (Scott’s Bluff) was sold by Uniroyal to U. S. Steel Chemicals. U. S. Steel eliminated some 23 jobs, including Naquin’s. The termination of jobs was brought about in part by a redescription of tasks, which eliminated many positions, including Naquin’s, and in part by the dismissal of employees with poor or failing performance ratings, Naquin falling into the poor category. The job ratings had been prepared over a period of several years by Uniroyal, and Naquin’s poor rating resulted from his chronic absenteeism both before and after injury, and had nothing at all to do with disability resulting from injury.
Naquin was more or less forcibly retired. He now receives retirement pay. He testified that he had not been successful in finding a job, although Uniroyal’s former employees testified several jobs were available for a man of Naquin’s abilities and breadth of experience.
We find no error in the trial court’s determination that Naquin’s loss of his job was the result of the change in ownership of the Scott’s Bluff plant, and not the result of his injury that he received on the job. There is nothing in the record to support factually the contention that Naquin lost his job because he was partially disabled. The evidence in the record in that regard is based upon conjecture, that is without substance or support, as twenty-two other positions were simultaneously eliminated, the holders of which could not all have had disabling injuries. The record reveals, furthermore, that Naquin lost his job because his job description was eliminated and because he had a non-injury-related poor performance rating, as a result of chronic absenteeism.
Clearly, Naquin did sustain partial loss of use of his left arm, and is entitled to compensation for that, but nothing more.
As to attorney’s fees and penalties, we see that Naquin’s attorney wrote a very courteous letter to Uniroyal informing it of his employment by Naquin in the case, and mentioning a discussion of the claim with an attorney representing Uniroyal. The letter was dated February 7, 1979. Worker’s compensation payments were not begun *386 until July 19, 1979, more than 60 days after the writing of that letter. To avoid penalties and attorney’s fees under LSA-R.S. 23:1201.2, the employer must begin compensation payments within 60 days after receipt of written notice of claim. Although the letter of February 7, 1979, was couched in polite language, and surely professional courtesy is not to be discouraged, the said letter can have had no purpose other than to demand worker’s compensation benefits. In Hilliard v. Fidelity and Cas. Co., 241 So.2d 783 (La.App. 3d Cir. 1970), it was found appropriate to award attorney’s fees where the only timely notice of injury was a formal accident report and a bill for medical treatments to the injured worker from his physician. Notice was far stronger in the present case, as it came from Naquin’s attorney. In view of the time, work, and skill required of Naquin’s attorney, we cannot say that the trial court was excessive in its award of $2,000 attorney’s fees. Also, clearly by statute (LSA-R.S. 23:1201.2) plaintiff was entitled to, and properly was awarded, penalties.
The judgment of the trial court is affirmed, at Uniroyal’s cost.
AFFIRMED.