396 So.2d 604 (1981)
Leonard B. JACKS
v.
BANISTER PIPELINES AMERICA et al.[*]
No. 14063.
Court of Appeal of Louisiana, First Circuit.
May 26, 1981.
Rehearing Denied July 27, 1981.
*605 Roy Maughn, Baton Rouge, for Leonard B. Jacks.
Calvin Hardin and L. Michael Cooper, Baton Rouge, for Banister Pipelines America and Insurance Company of North America.
Before COVINGTON, CHIASSON and LEAR, JJ.
LEAR, Judge.
This is a workmen's compensation case brought by Leonard B. Jacks against his employer, Banister Pipelines America, and its workmen's compensation insurance carrier, Insurance Company of North America, arising under LSA-R.S. 23:1221, as amended by Act 583 of 1975, relative to disabilities.
Plaintiff suffered an injury to his right eye, which resulted in a loss of vision, while working as an equipment mechanic and utility welder for his employer, through an industrial accident which happened on January 16, 1979. The facts as to plaintiff's employment, wages, the accident and the injury are not in dispute, and the parties have stipulated that the insurer has paid plaintiff's medical expenses and are paying plaintiff compensation benefits according to the schedule of payments in LSA-R.S. 23:1221(4)(i) for the loss of an eye.
The trial court rendered judgment in favor of plaintiff for permanent partial disability for a maximum of 450 weeks, subject to a credit for compensation paid, but denied plaintiff's claim for penalties and attorney's fees.
Plaintiff appealed contending that he is totally and permanently disabled as a result of the eye injury sustained in the job-related accident; that defendants are not entitled to credit for the amounts paid plaintiff; *606 and that plaintiff is entitled to penalties and attorney's fees for defendants' arbitrariness in failing to pay compensation to him promptly and properly. Defendants also appealed, contending that plaintiff's award should be limited to schedule benefits under LSA-R.S. 23:1221(4)(i).
We find no error in the conclusions of the trial court. The preponderance of the evidence does not support plaintiff's claim for permanent total disability. The judge correctly found that plaintiff sustained permanent partial disability under LSA-R.S. 23:1221(3). We affirm.
The trier found that Jacks, as a result of his vision loss, was disabled from "performing certain duties required by his job as well as he could before the accident." He is no longer able to perform precision welding, catch tools thrown by a job-helper, read numbers on certain parts necessary in his work, drive at night, operate certain equipment, walk on irregular surfaces and climb ladders. The trial judge concluded that Jacks was definitely handicapped and was unable to compete with able-bodied employees in the same job market.
We are convinced by the evidence that plaintiff's situation falls squarely within the definition of "partial disability" in LSA-R.S. 23:1221(3), as amended by Act 583 of 1975. Under the clear wording of the amended statute, if an employee is unable to "perform the duties in which he was customarily engaged when injured or duties of the same or similar character, nature, or description ...", [emphasis added] but is able to engage in gainful activity at some job for which he is fitted by education, training or experience, he is considered partially disabled. Kilbourne v. Armstrong, 351 So.2d 802 (La.App. 1st Cir., 1977); Rachal v. Highlands Insurance Company, 355 So.2d 1355 (La.App. 3rd Cir., 1978), writ denied, 358 So.2d 645 (La.1978).
We hold the evidence supports a finding of disability in addition to the permanent loss of vision of one eye. Where there is physical injury with resulting appreciable employment disability, the disability provision, rather than the statutory schedule of payments for special losses, may serve as the criterion for determining the compensation due. See Farrar v. Guy Atkinson Company, 325 So.2d 893 (La.App. 2nd Cir., 1976).
In affirming the trial court's finding of permanent partial disability under the particular facts presented in this case, we find that our decision in the case of LeBlanc v. Commercial Union Assurance Company, 349 So.2d 1283 (La.App. 1st Cir., 1977), writ denied, 351 So.2d 174 (La.1977), is distinguishable on the facts. In LeBlanc, supra, the plaintiff's injury was not permanent and his medical "disability" was curable. And, in LeBlanc, supra, it was determined that plaintiff had recovered from his injury, at which time his disability ceased. In the case now before us, plaintiff cannot recover from his injury, the loss of his eye, and he therefore remains partially disabled.
The trial court gave the defendant "credit for the total compensation previously paid ... to be applied against all past and future benefits owed by partial disability." Plaintiff complains that no credit should be allowed in this matter. We disagree.
Louisiana Revised Statute 23:1221 provides for a credit to the employer when it has paid compensation for partial disability to the employee under Subdivision 3. In addition, Louisiana Revised Statute 23:1223 provides that when an employer pays compensation under temporary total disability (Subdivision 1), total and permanent disability (Subdivision 2), or partial disability (Subdivision 3), the amount of such payment shall be deducted from any compensation allowed under the scheduled loss (Subdivision 4).
The opposite is in our casethe employer has paid initially, after demand, benefits under the scheduled loss (Subdivision 4) and now the man is adjudged partially disabled. The law is void as to this situation.
The concept behind these two above-mentioned statutes is to give credit *607 for an employer who pays compensation when an adjudged disability is actually rendered. We feel that this concept should apply in our case, when the employer has paid benefits under Subdivision 4 and the employee is eventually adjudged partially disabled. Our position is also supported by the fact that this employee was actually owed nothing since he was partially disabled and continued to work at the same job and same or better rate of pay. Under Revised Statute 23:1221(3), the employee would not have been owed anything. But faced with the penalties and attorney's fees for arbitrarily refusing to pay, the employer commenced benefits under the schedule of law. This is favored under the law and the employer should be given credit for any past compensation paid. We, thus, affirm the credit given to the employer for the amount of compensation paid to the employee.
As to plaintiff's claim for penalties and attorney's fees, plaintiff has not been entitled to collect any compensation, because of his earnings since his injury. Defendant, therefore, incurred no liability for payment of statutory penalties or attorney's fees.
For the reasons assigned, the judgment of the district court is affirmed. Defendants are cast for costs of this appeal.
AFFIRMED.
NOTES
[*] Editor's Note: The opinion of the Supreme Court of Mississippi in Cortez v. Brown, published in the advance sheets at this citation (396 So.2d 605), was withdrawn from the bound volume because rehearing is pending.