405 So.2d 525 (1981)
Harold J. NAQUIN
v.
UNIROYAL, INC.
No. 81-C-1081.
Supreme Court of Louisiana.
September 28, 1981.
Rehearing Denied November 16, 1981.
*526 Calvin E. Hardin, Jr., of Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge, for plaintiff-applicant.
Robert A. Hawthorne, Jr., and Richard A. Curry, of Sanders, Downing, Kean & Cazedessus, Baton Rouge, for defendant-respondent.
DENNIS, Justice.
This action for worker's compensation benefits was brought by Harold J. Naquin against his former employer, Uniroyal, Inc. The trial court determined that Naquin was entitled to an award of $39.00 per week for a period of 200 weeks as compensation for a schedule loss under La.R.S. 23:1221(4)(o), for the partial loss of use of his arm. The trial court also awarded Naquin penalties and attorney's fees. Naquin appealed the trial court's judgment seeking an increase in compensation benefits and attorney's fees. The Court of Appeal affirmed. 401 So.2d 384. We granted writs to determine whether the courts below erred in limiting Naquin to compensation for a schedule loss rather than partial disability benefits and whether the award for attorney's fees was insufficient. 403 So.2d 68.
Naquin was employed by Uniroyal for approximately twenty-four years. During the last six years of his employment, Naquin served as an Operations Control Coordinator at the Scott's Bluff Uniroyal Plant in East Baton Rouge Parish. On July 29, 1978, Naquin tripped over some hoses, fell, and injured his left shoulder. He was hospitalized and underwent a recovery period of several weeks during which time he received full pay from Uniroyal. He returned to his former job in early September, 1978, and received the same salary he had received prior to the accident. Six months later, on March 7, 1979, Uniroyal sold the Scott's Bluff Plant to U. S. S. Chemicals, a division of United States Steel Corporation.
U. S. S. Chemicals eliminated approximately twenty-three jobs, including Naquin's. The termination of jobs was due, in part, to a revamping of the employment structure which eliminated many positions, *527 including Naquin's, and in part to a dismissal of employees whose job performance ratings fell below expectations. Naquin's rating fell in this category due to chronic absenteeism both before and after his injury. Naquin was eligible for pension benefits and elected to retire effective March 7, 1979. Naquin has not been employed since that date though it is not clear from the record whether Naquin has ever sought other employment.
Naquin contends that the courts below erred in finding that he was only entitled to benefits for a schedule loss pursuant to La.R.S. 23:1221(4)(o). Instead, he claims to be entitled to benefits for partial disability under La.R.S. 23:1221(3) which states, in part, that compensation shall be paid:
"(3) For injury producing partial disability of the employee to perform the duties in which he was customarily engaged when injured or duties of the same or similar character, nature, or description for which he was fitted by education, training, and experience * * *."
The trial court, in its oral reasons for judgment, found that Naquin returned to the same work he had performed before his injury; that he was not entitled to recover for total and permanent disability; but that he was entitled to benefits for a schedule loss under La.R.S. 23:1221(4) due to a 10% permanent disability of his arm. The trial court's oral reasons do not indicate if it considered whether Naquin was entitled to partial disability benefits. The Court of Appeal found that Naquin had "returned to his job with Uniroyal, and performed most of his old tasks, although he was physically unable to perform some, notably, turning valves, climbing vertical ladders, and drawing lines on charts." The record contains evidence indicating that employees in Naquin's position in fact performed many other duties of a physical nature which he is now unable to do. Nevertheless, the appeals court affirmed the trial court's judgment for the reason that "Naquin's loss of his job was the result of the change in ownership of the Scott's Bluff plant, not the result of his injury that he received on the job."
We reverse the decision of the Court of Appeal because it incorrectly implies that La.R.S. 23:1221(3) requires a partial disability claimant to prove loss of employment due to his work-related injury. The statute clearly provides that an employee is eligible for compensation for a partially disabling work-related injury regardless of whether his employment continues; only the amount of compensation due may be affected by wages actually earned after the injury.
The evidence fully supports the finding of the Court of Appeal that Naquin was physically unable to perform some of his old tasks as a result of his injury. Two of Naquin's co-workers testified that, in performing the same type of job held by Naquin, they occasionally had to perform manual labor requiring the full use of both arms. One testified that it was customary for supervisory employees to assist a manual laborer in critical or emergency situations or when he "is up to his behind in problems." The parties stipulated that a third co-worker would provide similar testimony.
A collective bargaining agreement containing language essentially the same as the contractual language in the bargaining agreement in effect at the time of Naquin's injury, in pertinent part, provides:
"Management personnel will not perform work normally done by members of the Bargaining Unit Except in the following situations:
A. In emergencies.
B. For instruction and training purposes, or performing experimental or developmental work.
C. When supervisory or technical personnel are evaluating, testing, and developing new equipment, processes or procedures.
D. When regular employees are not available, but only for such periods of time as may be necessary to secure qualified employees for the job.
E. When such work is related to the inspection of equipment and/or checking operating efficiency."
*528 While Naquin's position was principally supervisory in nature, the exceptions clause in the collective bargaining agreement and the testimony of Naquin and his co-workers demonstrate that because of his work-related disability Naquin cannot perform some acts of manual labor he carried out before his injury. Although those physical tasks were incidental to his supervisory job, they were expected by his employer and important to the effective performance of his work as a supervisor of other workers. That his employer retained him at full pay regardless of his partial incapacity does not make his impairment any less real. Accordingly, we conclude that the significant tasks Naquin can no longer perform were employment duties in which he was customarily engaged when injured, and that because he can no longer carry them out he is entitled to benefits for a partial disability in accordance with the worker's compensation statute. La.R.S. 23:1221(3).
The Court of Appeal upheld the trial court's award of $2000 as attorney's fees for Naquin's counsel. The factors usually taken into account are the degree of skill and ability exercised, the amount of the claim, the amount recovered for the plaintiff, and the amount of the time devoted to the case. See W. Malone & H. Johnson, Workers' Compensation Law and Practice, § 389 in 14 Louisiana Civil Law Treatise at 296 (2d ed. 1980). The trial court did not abuse its discretion in fixing the fee considering the circumstances before it and the compensation awarded. Some of the factors in this case have been altered substantially, however, by further proceedings in two appellate courts and our modification of the decisions below. Consequently, the employee's attorney's fee is increased to $4000 as compensation for his services in all courts to date.
The judgment of the Court of Appeal is reversed and the trial court judgment is amended to award the plaintiff partial disability benefits instead of compensation for a schedule loss, attorney's fees of $4000 in principal sum, and all costs in each court.
APPEALS COURT JUDGMENT REVERSED; TRIAL COURT JUDGMENT AMENDED.