CHIASSON, Judge.
Plaintiff-appellant, James W. Wright, originally filed this workmen’s compensation action on August 3,1977, seeking benefits for total and permanent disability. Made defendant in the suit was Aetna Life and Casualty Company, the workmen’s compensation insurer of plaintiff’s employer, who filed an exception of prescription. In due course, the trial court rendered judgment granting defendant’s exception and refused plaintiff leave to amend his petition in order to assert a claim for partial disability. Plaintiff appealed that judgment to this court and we upheld the trial court’s judgment on the exception of prescription but reversed the refusal of the trial court to allow amendment of the pleadings and remanded the case so that plaintiff could amend his petition and allege partial disability. Wright v. Aetna Life and Casualty Company, 360 So.2d 235 (La.App. 1st Cir. 1978).
After remand, plaintiff amended his petition by adding allegations of partial disability and loss of physical function. The case was then submitted to the trial court solely upon a written stipulation of facts. In its reasons for judgment the trial court found that this court had held in its earlier decision that plaintiff’s claim for loss of a physical function had prescribed and that the facts as stipulated did not support plaintiff’s demand for partial disability. The trial court rendered judgment dismissing plaintiff’s action without prejudice and plaintiff perfected the instant appeal from that judgment. Defendant neither appealed nor did it file an answer to the appeal.
Plaintiff first contends the trial court erred in finding that his claim for loss of a physical function had prescribed. This court, in its earlier decision in this case, specifically held that plaintiff’s claim for loss of a physical function had prescribed. Wright v. Aetna Life and Casualty Company, supra. The import of our prior decision was to allow plaintiff the opportunity to amend his pleadings to assert his claim for partial disability which, by law, has a different prescriptive period. We find no error in the trial court’s finding on this issue.
Plaintiff next contends the trial court erred in rejecting his claim for partial disability.
The stipulation filed in the trial court establishes the following relevant facts:
1. Plaintiff sustained a work-related injury to his right foot on January 6, 1976;
2. As a result of this injury, plaintiff has a 25% partial permanent disability of his right foot;
3. Plaintiff returned to work in his former employment as a machinist on July 27, 1976;
4. Since his return to work, plaintiff has earned wages equal to or in excess of those which he was earning at the time of the accident;
5. Plaintiff’s job as a machinist is primarily a sedentary occupation and does not require him to be constantly on his feet.
The applicable law is contained in La.R.S. 23:1221(3) which, in part, states:
“For injury producing partial disability of the employee to perform the duties in which he was customarily engaged when injured or duties of the same or similar *1168 character, nature, or description for which he was fitted by education, training, and experience, sixty-six and two-thirds per centum of the difference between the wages the employee was earning at the time of the injury and any lesser wages which the injured employee actually earns in any week thereafter in any gainful occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, training, and experience, during the period of disability, but not beyond a maximum of four hundred weeks for such partial disability resulting from injury occurring on and after September 1, 1975, and on or before August 31, 1976; ...”
Plaintiff has returned to the full-time duties of his former employment with no indication that his injury has prevented him from performing any of his required duties. Since his return to work, plaintiff has earned wages equal to or greater than those being earned when injured. Under these circumstances and the clear wording of La.R.S. 23:1221(3), plaintiff is not partially disabled. Compare LeBlanc v. Commercial Union Assurance Company, 349 So.2d 1283 (La.App. 1st Cir. 1977), writ denied 351 So.2d 174 (La.1977); Jacks v. Banister Pipelines America, 396 So.2d 604 (La.App. 1st Cir. 1981). The trial court was therefore correct in its finding on this issue.
Defendant in its brief to this court acquiesced in the dismissal of plaintiff’s action without prejudice.
For these reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.