ON REHEARING
Plaintiff-appellant and defendant-appel-lee contend this court erred on original hearing as to the quantum of workmen’s compensation benefits awarded. We limit this rehearing to set-off of awards and medical transportation expenses.
On original hearing, we granted temporary total disability benefits to appellant for a period of 161 weeks less 30 weeks previously paid. L.S.A.-R.S. 23:1221(1). Additionally, we awarded the sum of $28.62 per week for a period of 100 weeks for partial permanent disability. L.S.A.-R.S. 23:1221(4)(p). Appellee seeks a credit set-off for temporary total disability benefits paid against partial permanent disability benefits due.
Appellee correctly notes that compensation paid under subdivision (1), (2), or (3) of L.S.A.-R.S. 23:1221 shall be deducted from any compensation allowed under subdivision (4) thereof. Under L.S.A.-R.S. 23:1221(1), appellant’s compensation award of $86.66 per week for temporary total disability exceeds that granted for permanent partial disability. L.S.A.-R.S. 23:1221(4)(p). When the maximum scheduled loss of function is less than the compensation paid under total (temporary or permanent) disability, the plaintiff is not entitled to additional compensation for impairment of a physical *480 function. L.S.A.-R.S. 23:1223; Newell v. United States Fidelity & Guaranty Company, 368 So.2d 1158 (La.App. 3rd Cir. 1979); see also Jacks v. Bannister Pipelines America, et al, 396 So.2d 604 (La.App. 1st Cir. 1981). Therefore, appellant is not entitled to an award for such permanent partial disability benefits.
Appellant asserts we failed to award medical transportation costs. The record clearly indicates appellant is entitled to the sum of $525.00 for this expense.
Accordingly, we amend our original decision to conform with the above two items.
For the reasons assigned, judgment of the trial court is reversed, annulled and set aside. Judgment is ordered in favor of appellant, granting compensation at the rate of $86.66 per week from September 13, 1977 until October 27, 1980, subject to a reduction for benefits previously paid by appellee.
Further, appellant is awarded $6,112.90 for unpaid medical expenses, and $525.00 for medical ■ transportation expenses. Claimant’s prayer for attorney’s fees and penalties is denied.
Appellee is to pay all costs of the original appeal.
Appellant and appellee are to share any costs on rehearing.
REVERSED AND RENDERED.