JASPER E. JONES, Judge Pro Tem.
This is a workers’ compensation case. This plaintiff is Ollie J. Benton and the defendants are her employer, Thiokol Chemical Corporation, and its insurer, The Aetna Casualty and Surety Company. The plaintiff appeals a judgment rejecting her demand to be recognized as permanently partially disabled. We reverse and render.
*713 This case concerns partial disability as provided in LSA-R.S. 23:1221(3) at the time of appellants injury in 1981. The issue is whether an injured employee who can, after the injury perform most of the duties of his job and continues to work is partially disabled.
Benton has worked at Thiokol’s ammuni-tions plant since 1962. In 1981 she held the classification of a “Heavy A” worker. This classification meant she had the skills to perform the most demanding jobs on the plant’s assembly line.
Prior to 1981, Benton had been assigned many different jobs in the plant. In August, 1981, she was, for the first time, assigned to the job of “sizing mines.” The evidence shows this is a stage in the assembly of mines which requires the worker to use clamps in placing clusters in the mines. After only about two weeks of this work Benton developed problems with her hands which were diagnosed as carpal tunnel syndrome caused by the work.
Benton was treated for her injury and, after surgery, she was off work for several months during which time she was paid workers’ compensation benefits. Benton eventually returned to work even though she could no longer do fine repetitive work with her hands, such as sizing mines. However, with the cooperation of her union and supervisors she has been assigned to work within her post-injury capability and when assigned to jobs she cannot do she has been able to be reassigned. Benton has continued to work at the plant through the date of the trial and she now earns substantially more than she did when injured. This action was filed to avoid prescription.
The trial judge found Benton could no longer do fine repetitive work with her hands such as “sizing mines.” However, he also found she could and does still do many of the duties of a “Heavy A” worker and was not partially disabled. The judgment rejecting plaintiff’s demands was signed and this appeal followed.
Appellant argues that because she can no longer “size mines” the job she was doing when injured, she is partially disabled. The defendants argue that her duties when injured included all the jobs to which a “Heavy A” worker might have been assigned and that she is not partially disabled because she can still do most of those duties and has continued to work as a “Heavy A” worker.
The heart of the defense argument, and the decision of the trial judge, is that appellant is not partially disabled because (1) she can still do most of what she did before her injury and (2) she is still employed in the same job. However, both these premises have previously been rejected by our courts.
The supreme court held that an electrician, whose back injury prevented him from lifting and carrying as required by his former employer but which did not prevent him from obtaining other employment as an electrician at comparable earnings, was permanently partially disabled even though he could do substantially all tasks required by his former job other than lifting and carrying. Martin v. H.B. Zachary Co., 424 So.2d 1002 (La.1983).
In Naquin v. Uniroyal, Inc., 405 So.2d 525 (La.1981), the court held that a supervisory employer, who occasionally did physical labor, was partially disabled by a shoulder injury which made him unable to perform some of his former duties even though he was retained in his old job at full pay. Cf. Jacks v. Banister Pipelines America, 396 So.2d 604 (La.App. 1st Cir.1981); modified 418 So.2d 524 (La.1982).
An employer’s offer of a job accommodating an employee’s injury does not alter his status as partially disabled if he is otherwise so disabled. Hernandez v. F. W. Woolworth, Co., 516 So.2d 139 (La.App. 4th Cir.1987), writ denied, 516 So.2d 361 (La.1987).
The trial judge found that appellant is unable to perform fine repetitive work with her hands since her injury and this factual determination is fully supported by the record. The evidence shows that performing fine repetitive work with the bands is a part of the duties of a “Heavy A” worker and that it is the duty to which *714 appellant was actually assigned at the time of her injury. Thus, even though appellant can still do substantially all of the duties of a “Heavy A” worker except fine repetitive work with her hands she is, nevertheless, partially disabled within the meaning of section 23:1221(8) as it stood at the time of her injury. Naquin v. Uniroyal, Inc., supra; Martin v. H.B. Zachary Co., supra; Jacks v. Banister Pipelines America, supra. Her continued employment does not alter the existence of her partial disability. Naquin v. Uniroyal, Inc., supra; Hernandez v. F.W. Woolworth, Co., supra.
The judgment of the district court is reversed and we render judgment in favor of the plaintiff, Ollie J. Benton, and against the defendants, Thiokol Chemical Corporation and The Aetna Casualty and Surety Company, in solido, for partial disability benefits of sixty-six and two-thirds (66%%) per cent of the difference between her wages at the time of her injury and any lesser wages she actually thereafter earns for a maximum of 450 weeks subject to a credit for each week of compensation heretofore paid.
All costs are taxed against defendants.
REVERSED AND RENDERED.
SEXTON, J., concurs with written reasons.