788 So.2d 448 (2000)
Jonathan LANGLEY
v.
PETRO STAR CORP. OF LA.
No. 00-699.
Court of Appeal of Louisiana, Third Circuit.
December 29, 2000.
Writ Denied March 23, 2001.
Michael Benny Miller, Miller & Miller, Crowley, LA, Counsel for Jonathan Langley.
Jeffrey John Warrens, Egan, Johnson, Stiltner, Baton Rouge, LA, Counsel for La. Workers' Compensation Corp., Petro Star Corp. of LA.
EN BANC.
PICKETT, Judge.

FACTS
Plaintiff was injured while employed by defendant in 1996. Plaintiff was awarded $265 per week pursuant to a consent judgment rendered on December 4, 1997. The judgment included an award of $4,000 in penalties and $5,000 in attorney's fees. A Motion for Penalties and Attorney's Fees was filed on October 22, 1998, because of defendant's failure to pay timely the *449 amounts due pursuant to the consent judgment. The court awarded plaintiff $3,000 in penalties and $1,500 in attorney's fees.
Plaintiff filed a second Motion for Penalties and Attorney's Fees on February 3, 2000, because defendant began paying the plaintiff monthly rather than weekly. The court awarded plaintiff $3,000 in penalties and $3,000 in attorney's fees. Defendant has appealed only that part of the judgment awarding attorney's fees. Plaintiff has answered the appeal, seeking an increase in the award of attorney's fees for work done in answering this appeal.

DISCUSSION
The sole issue before this court is the interpretation of La.R.S. 23:1201(G), which provides for the award of damages and attorneys' fees for failure to pay an award under the terms of a final judgment. The pertinent provision of the statute is as follows:
G. If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.
(Emphasis added.)
In the present case the hearing officer awarded attorneys' fees in the amount of $3,000.00. The record clearly reflects that the hearing officer based the amount of the fee not only on the time spent by the plaintiffs counsel in preparing the motion and appearing at the hearing, but also took into consideration in setting the fee that this was what she termed "a flagrant violation of the consent judgment."
The question before this court is whether the penalty lies in the imposition or the amount of attorneys' fees assessed. This court has previously held that the amount of attorneys' fees awarded is a type of penalty that should "be measured in relation to the culpability or bad faith exhibited by the offending party." Britton v. City of Natchitoches, 97-1038, p. 13 (La.App. 3 Cir. 2/11/98), 707 So.2d 142, 149, writ denied, 98-1203 (La.6/26/98); 719 So.2d 1057. In a separate opinion, however, this court held "the penalty for arbitrary and capricious behavior lies in the imposition of attorneys' fees rather than the amount of attorneys' fees to be assessed." (Emphasis in original.) Rideaux v. St. Landry Parish School Bd., 97-1616, p. 16 (La.App. 3 Cir. 4/8/98); 711 So.2d 819, 827, writ denied 98-1274 (La.6/26/98); 719 So.2d 1060.
We now hold that the view expressed in Britton is the correct view and the court can take into consideration the degree of bad faith exhibited by the employer in determining the appropriate amount of attorneys' fees to be imposed.
The penalties and attorneys' fees awarded by the worker's compensation judge were awarded pursuant to the provisions of La.R.S. 23:1201(G), set out more fully above. The supreme court has clearly set forth in Brown v. Texas-LA Cartage, Inc., 98-1063 (La.12/1/98), 721 So.2d 885, that the arbitrary and capricious standard no *450 longer applies to actions brought under La.R.S. 23:1201. In Brown, the court specifically held "that statutory penalties and attorney fees shall be awarded if the employer or insurer fails to timely pay benefits due claimant pursuant to La. R.S. 23:1201 unless: (1) the claim is reasonably controverted or (2) such nonpayment results from conditions over which the employer or insurer had no control." Id. at p. 1, 886. The court further explained that "to reasonably controvert a claim, the defendant must have some valid reason or evidence upon which to base his denial of benefits." Id. at p. 8, 890.
In the matter before us the defendant did not reasonably controvert the claim, nor did the nonpayment result from conditions over which he had no control. The question is not, then, whether an attorney fee should be imposed. That is automatic in the absence of one of the two factors listed above. The question is simply how much the attorney fee will be and what factors are to be considered in reaching that amount.
Awards of penalties and attorneys' fees in worker's compensation cases are essentially penal in nature, since they are imposed to discourage indifference and undesirable conduct by employers and insurers. Sharbono v. Steve Lang & Son Loggers, 97-0110 (La.7/1/97), 696 So.2d 1382. It has long been recognized that a number of factors are used to calculate attorneys' fees in worker's compensation cases. These include the degree of skill and ability exercised, amount of the claim, amount recovered, and the amount of time devoted to the case. Naquin v. Uniroyal, Inc., 405 So.2d 525 (La.1981); Gibson v. Dynamic Industries, Inc., 96-1605 (La.App. 3 Cir. 4/2/97); 692 So.2d 1320, writ denied 97-0808 (La.5/16/97), 693 So.2d 798. We find it is not improper to also consider the degree of bad faith on the part of the employer in determining the amount of the attorneys' fees to be imposed.
In the instant case, the defendant has been penalized on three separate occasions as a result of the manner in which it has handled this claim. Penalties were assessed at the time the parties entered into the consent judgment on December 4, 1997. Because the defendant failed to comply with that judgment and failed to pay claimant timely, defendant was penalized a second time and required to pay penalties and attorney's fees. Now plaintiff has again been required to retain counsel to enforce the consent judgment because the defendant is again in violation of that same consent judgment. Counsel was required to prepare and file the motion and appear at yet another hearing in order for the claimant to receive payment in accordance with the judgment. While defendant attempts to minimize counsel's involvement and effort, the court notes counsel is a very skilled advocate who went to trial prepared to adequately defend his client and, indeed, prevailed. The court noted this was a flagrant violation of the court order and apparently considered that in setting the amount of $3,000 as an attorney fee. We do not find that to be unreasonable under the circumstances of this case, taking into account not only those factors set forth in Uniroyal, but also considering the defendant knowingly acted in violation of the court order a second time, thereby forcing the defendant to hire counsel to file for a hearing.
Further attorney fees have been incurred as a result of the claimant being required to answer this matter on appeal. We note not only that this matter was extensively briefed, but that counsel appeared and participated in oral arguments. We therefore award the plaintiff an additional $3,000 in attorney's fees.
AFFIRMED.
*451 COOKS, J., dissents.
WOODARD, J., dissents and assigns reasons.
AMY, J., dissents and assigns reasons.
DECUIR and SULLIVAN, JJ., dissent for the reasons assigned by Judge AMY.
WOODARD, J., dissenting.
Respectfully, I dissent from the majority's view in this case.
By it including a punitive factor under the rubric of "attorney's fees," I recognize the majority's, presumably, laudable goal to deter certain insurers, who abuse workers, from egregiously denying them benefits to which they are legitimately entitled. My problem with contriving this remedy is that the majority places itself in the position of the legislature, because this is obviously not what the legislature intended when it wrote La.R.S. 23:1201(G).
In this statute, the legislature expressly structured a mechanism to penalize such behavior; however, it stipulated definitive limits for the amount to be awarded, evidencing its clear intent. Thus, it makes no sense for a court to interpret the statute in a way that creates a second device which permits an unfettered penalty award. This not only usurps legislative powers, but also, it likely may provoke the legislature to cap the attorney's fees to be awarded in such cases, which would be unfortunate for claimants.
Moreover, if the legislature intended the attorney's fee provision, also, to include a penalty, then, it is difficult to imagine upon what legal and ethical basis the attorney should be rewarded for a wrong which was done to the client, not to the attorney, which the majority's opinion fashions. As such, the attorney benefits from the injurious conduct for which the client suffered. This is an absurd result in the majority's construction of the language of the applicable statutes, contrary to La.Civ.Code art. 9, and one which clients will probably view with great consternation and suspicion. Furthermore, attorneys fees should be based upon the criteria outlined in RULES OF PROFESSIONAL CONDUCT, RULE 1.5 and nothing else.
However, there is another way to achieve the court's objective. And, it is consistent with the integrity of the statute, fair and reasonable, should encourage, rather than dissuade, attorneys to represent these clients who are desperately in need of their services, and most importantly, should deter the arbitrary and capricious conduct. The solution, which I suggest, is to award attorneys all of their documented fees, based upon a reasonable hourly rate, as well as expenses that they have spent in the representation of claimants who insurers have victimized by arbitrarily and capriciously delaying or denying them their rightful benefits. We have not been doing this. On the contrary, we have been arbitrarily making awards on an undocumented record, which has likely discouraged attorneys from taking meritorious, complex cases, as our standards for attorney's fees' awards may not, in many cases, have properly compensated them for their effort, time, and expenses. For example, some cases could have merited $30,000.00 in time and expenses, which our awards of $3,500.00 to $10,000.00 have, in no way, addressed. However, if we were to fully compensate attorneys for documented time spent and expenses incurred, they would be properly and adequately compensated, whether they spent a small amount or an inordinate amount of time. Ultimately, the deserving client would benefit and no one, except the deserving guilty party, would be penalized, thus making it economically infeasible to engage in such recalcitrant behavior in the future.
*452 AMY, J., dissenting.
I respectfully dissent from the majority's conclusion that the degree of the employer's bad faith may be considered by the trial court in assessing the amount of attorney's fees under La.R.S. 23:1201(G). As stated by the majority, the award of penalties and attorney's fees is penal in nature. See Sharbono v. Steve Lang & Son Loggers, 97-0110 (La.7/1/97), 696 So.2d 1382. Regarding the element of attorney's fees, it is my opinion that it is the imposition of the fees under the statute that constitutes the penalty. As I previously expressed in Rideaux v. St. Landry School Bd., 97-1616 (La.App. 3 Cir. 4/8/98), 711 So.2d 819, writ denied, 98-1274 (La.6/26/98), 719 So.2d 1060, I disagree that the statute permits the quantum of fees assessed to act as a penalty. See also Ward v. Phoenix Operating Co., 31,656 (La.App. 2 Cir. 2/24/99), 729 So.2d 109. While the worker's compensation provisions are to be liberally construed with regard to benefits, those statutes that are penal in nature are to be strictly construed. Williams v. Rush Masonry, Inc., 98-2271 (La.6/29/99), 737 So.2d 41. Additionally, I find that the interpretation offered by the majority in this case renders La.R.S. 23:1201 internally inconsistent due to its penalty scheme, i.e., providing for both penalties and attorney's fees.
Through La.R.S. 23:1201(G), the legislature has provided distinct awards for both penalties and reasonable attorney's fees. The penalties, whether the twenty-four percent described in the statute or the per diem calculation, are capped at three thousand dollars. Bearing in mind that the statute limits recovery of the penalties payable to the employee, it seems especially unlikely that the legislature could have intended consideration of the bad faith factor to then permit what could arguably be unlimited attorney's fees. Rather, the legislature provided for an assessment of reasonable attorney's fees. In determining attorney's fees, the supreme court has stated that "[t]he factors usually taken into account are the degree of skill and ability exercised, the amount of the claim, the amount recovered for the plaintiff, and the amount of time devoted to the case." Naquin v. Uniroyal, Inc., 405 So.2d 525, 528 (La.1981). To now couple consideration of the employer's conduct to the amount of attorney's fees shifts the focus of the statute and converts the award of attorney's fees into an award of punitive damages. The appropriate place, and in my opinion the only place, for such considerations under the language of this statute is not in the determination of quantum, but whether the award of attorney's fees is appropriate at all.
Accordingly, I respectfully dissent.