787 So.2d 500 (2001)
Katherine L. DESSELLE
v.
The OAKS CARE CENTER.
No. 01-0044.
Court of Appeal of Louisiana, Third Circuit.
May 2, 2001.
*501 George A. Flournoy, Flournoy, Doggett & Losavio, Alexandria, LA, Counsel for Plaintiff/Appellee, Katherine L. Desselle.
John J. Rabalais, Rabalais, Unland, Lorio & Savoie, Covington, LA, Counsel for Defendant/Appellant, The Oaks Care Center.
Court composed of DOUCET, C.J., and THIBODEAUX and SULLIVAN, Judges.
THIBODEAUX, Judge.
Ms. Katherine L. Desselle, an employee of The Oaks Care Center (hereinafter "The Oaks"), sustained work related injuries on November 4, 1998, when she slipped and fell in a hallway, and on December 21, 1998, while lifting a heavy patient. As a result of the injuries, Ms. Desselle was unable to work and sought treatment at the Rapides General Hospital emergency room. The Oaks refused to pay for medical treatment and indemnity benefits. Subsequently, Ms. Desselle filed a disputed claim with the Office of Workers' Compensation. A settlement agreement was reached before the disputed claim went to trial, settling some of the claims but reserving Ms. Desselle's right to proceed for indemnity benefits, additional medical benefits, and penalties and attorney fees for any inaction and/or actions occurring after January 24, 2000. A second disputed claim for compensation was filed on April 4, 2000, alleging untimely payment of indemnity benefits and medical bills. Following a trial on the merits, the workers' compensation judge awarded Ms. Desselle a $2,000 penalty and $8,500, in attorney fees, for the late payment of indemnity benefits. A second $2,000 penalty with attorney fees of $7,000 was awarded due to The Oaks' late payment of medical expenses. The Oaks appeals this judgment. For the reasons which follow, we affirm.

I.

ISSUES
The issues presented for review are: (1) whether the workers' compensation judge erred in awarding a penalty and attorney fees to Ms. Desselle for the late payment of indemnity benefits? (2) whether the workers' compensation judge erred in awarding a penalty and attorney fees for the late payment of indemnity benefits for the period of December 21, 1998, through January 24, 2000? and (3) whether the workers' compensation judge's total award to Ms. Desselle in the amount of $4,000 in penalties and $15,500 in attorney fees for the late payment of indemnity and medical benefits was excessive and an abuse of the workers' compensation judge's discretion?

II.

FACTS
Ms. Katherine Desselle was employed by The Oaks as a certified nursing assistant. She first injured her back on November 4, 1998, when she slipped and fell in a hallway while in the course and scope of her employment. The incident was witnessed and reported to her supervisor. Although Ms. Desselle was injured, she continued to perform her duties. On December 21, 1998, she strained her low back while lifting a heavy patient. Ms. Desselle notified her supervisor of the incident and left early that day because of the pain. *502 The next, and last, day she worked was December 25, 1998. Her low back pain begin to intensify after December 25, 1998.
Ms. Desselle sought treatment for her back pain at the Rapides General Hospital emergency room on December 27, 1998. The physician on duty recommended that she stay off from work for a few days and to see an orthopedist if the back pain continued. The doctor issued her a work excuse through December 30, 2000. Ms. Desselle informed her supervisor about her visit to the emergency room due to her low back injury and that she had been taken off work by her doctor. She called her supervisor and requested permission to see Dr. Po, a local orthopedist in Marksville, but was refused. Thereafter, on January 13, 1999, she saw Dr. McCann, a general practitioner in Avoyelles Parish. Dr. McCann recommended physical therapy and advised her to refrain from working. The Oaks refused to pay for medical treatment or indemnity benefits.
Ms. Desselle filed a disputed claim for compensation with the Office of Workers' Compensation on January 14, 1999. Just prior to beginning the trial, the parties agreed to a compromise settlement. The compromise settlement consisted of: (1) The Oaks conceding that Ms. Desselle suffered work-related injuries on November 4, 1998 and December 21, 1998; (2) The Oaks recognizing its responsibility for medical treatment but denying any responsibility for indemnity benefits, claiming it had no proof of disability; (3) also, the penalty and attorney fee claims for nonpayment of medical expenses incurred prior to January 24, 2000 were settled for $5,500; and (4) Ms. Desselle's rights to proceed for indemnity benefits, additional medical benefits, penalties and attorney fees for any inaction/or actions occurring after January 24, 2000 were reserved.
Ms. Desselle filed a second disputed claim for compensation with the Office of Workers' Compensation on April 4, 2000, alleging untimely payment of indemnity benefits and medical bills. The workers' compensation judge awarded Ms. Desselle a $2,000 penalty and $8,500 in attorney fees for the late payment of indemnity benefits by The Oaks and a second $2,000 penalty with attorney fees of $7,000 due to The Oaks' late payment of medical expenses. The Oaks appeals this decision.

III.

LAW AND DISCUSSION

Standard of Review
An appellate court may not set aside the factual findings of a workers' compensation judge in the absence of a manifest error or unless it is clearly wrong. Wackenhut Corrections Corp. v. Bradley, 96-796 (La.App. 3 Cir. 12/26/96); 685 So.2d 661. The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. The workers' compensation judge has great discretion in an award of attorney's fees and penalties, and his or her discretion will not be disturbed unless it is clearly wrong. George v. M & G Testing and Services, Inc., 95-31 (La.App. 3 Cir. 7/19/95); 663 So.2d 79, writ denied, 96-39 (La.3/8/96); 669 So.2d 403.

Late Indemnity Payments
The Oaks contends that the workers' compensation judge improperly awarded a penalty and attorney fees for the untimely payment of indemnity benefits. We disagree. The compromise settlement excluded indemnity benefits, as The Oaks expressly stated it denied the incident caused any disability.
*503 Thus, even though The Oaks delivered a draft to Ms. Desselle's counsel for back indemnity benefits on April 10, 2000, it was still late and not part of the original compromise and settlement agreement. The Oaks knew on January 24, 2000 that Ms. Desselle was disabled. Ms. Desselle was injured in November and December of 1998. The Oaks recognized work place incidents occurred. As a result of those work place incidents, Ms. Desselle was unable to work after December 25, 1998. Accordingly, indemnity benefits should have been timely made by The Oaks. Since indemnity benefits were not a part of the settlement and compromise agreement, the workers' compensation judge was not manifestly erroneous in awarding a penalty in the amount of $2,000 and attorney fees in the amount of $8,500 for The Oaks' failure to reasonably controvert Ms. Desselle's claim. Accordingly, we will not disturb the finding of the workers' compensation judge.

Double Penalty and Attorney Fees
The Oaks also alleges that Ms. Desselle was awarded penalties and attorney fees twice for the untimely payment of indemnity benefits for the period of December 21, 1998, through January 24, 2000. We disagree. The Oaks argues that the settlement and compromise agreement entered into in January and reflected in the Joint Motion and Order to Dismiss executed on March 15, 2000 included penalties and attorney fees for the late payment of indemnity benefits. However, the compromise and settlement agreement only encompassed penalties and attorney fees for The Oaks' refusal to pay medical benefits. The agreement expressly states that The Oaks "denies the incidents caused any disability." It is clear that, since The Oaks maintained that no disability resulted from the work place incidents, it did not agree to pay indemnity payments as a result of the March 15, 2000 settlement and compromise. Accordingly, the workers' compensation judge did not award penalties and attorney fees twice for the same untimely payment of indemnity benefits.

Excessive Attorney Fee Award
The Oaks alleges that the attorney fees awarded are excessive and an abuse of the workers' compensation judge's discretion. We disagree. An award of attorney fees is a type of penalty that does not serve the purpose of making the claimant whole, but is intended to punish and deter particularly egregious behavior. Sharbono v. Steve Lang & Son Loggers, 97-110 (La.7/1/97); 696 So.2d 1382.
A number of factors are used to determine the amount of attorney fees to be awarded, including the degree of skill and ability exercised, amount of the claim, amount recovered, and the amount of time devoted to the case. Naquin v. Uniroyal, Inc., 405 So.2d 525 (La.1981). Furthermore, the amount of an award of attorney fees should be measured in relation to the culpability or bad faith exhibited by the offending party. Britton v. City of Natchitoches, 97-1038 (La.App. 3 Cir. 2/11/98); 707 So.2d 142, writ denied, 98-1203 (La.6/26/98); 719 So.2d 1057. Our court also held in Langley v. Petro Star Corp. of LA, 00-699 (La.App. 3 Cir. 12/29/00), 788 So.2d 448, writ granted, 01-198 (La.3/23/01); 787 So.2d 1005, that the court can take into consideration the degree of bad faith exhibited by an employer in determining the appropriate amount of attorney fees to be awarded. The Oaks contends that this claim was pending for "roughly only seven months." However, Ms. Desselle has been entitled to indemnity benefits since the date of her injuries in November and December of 1998.
*504 Ms. Desselle sought treatment for her back pain at the Rapides General Hospital emergency room on December 27, 1998. She notified The Oaks of her visit to the emergency room and also requested further medical treatment which was refused. In fact, more than a year had passed, from December 22, 1998, the date of her last injury, through January 24, 2000, the date the parties entered into a compromise agreement, before The Oaks finally conceded that Ms. Desselle was involved in two work-related incidents and accepted responsibility for medical treatment. This is exactly the type of egregious behavior that an award of attorney fees is meant to deter. The Oaks had no evidence to suggest that Ms. Desselle was not injured. However, even though The Oaks recognized that work-related incidents had occurred and agreed to pay medicals, it still refused to pay indemnity benefits. The Oaks had information from Dr. McCann, Ms. Desselle's treating physician, that Ms. Desselle was disabled and unable to return to work. The Oaks still refused to pay indemnity benefits.
Only after counsel for Ms. Desselle filed a new 1008 on April 5, 2000, did The Oaks pay indemnity benefits. However, The Oaks only paid indemnity benefits for the period of disability from January 13, 1999 through April 10, 2000. Indemnity benefits for the period from December 22, 1998 through January 12, 1999 were not paid by The Oaks. Ms. Desselle went without these indemnity benefits until they were ordered to be paid by the workers' compensation judge at the November 15, 2000 trial. Accordingly, the workers' compensation judge was correct in awarding a large award of attorney fees for the unacceptable amount of time Ms. Desselle was without her indemnity benefits.
Furthermore, even after The Oaks accepted responsibility for medical treatment in the January 24, 2000 compromise, medical expenses were paid untimely. In fact, some medical expenses went five months unpaid after being submitted by Ms. Desselle. For example, a pharmacy bill in the amount of $499.52 was submitted for payment on February 29, 2000, but was not paid until October 12, 2000. Also, a physical therapy bill was submitted on April 13, 2000, but did not get paid until October 12, 2000.
The workers' compensation judge correctly awarded penalties and attorney fees in accord with La.R.S. 23:1201. The workers' compensation judge has great discretion in the award of penalties and attorney fees, and his decision will not be disturbed unless it is clearly wrong. Dietz v. Guichard Drilling Co., 626 So.2d 79 (La.App. 3 Cir.1993). Accordingly, the workers' compensation judge's finding will not be disturbed.

IV.

CONCLUSION
The workers' compensation judge was clearly within his discretion in awarding penalties and attorney fees for the untimely and indefensible manner in which The Oaks handled Ms. Desselle's claim for indemnity and medical benefits.
Accordingly, for the above reasons, the judgment appealed from is affirmed at the cost of The Oaks Care Center.
AFFIRMED.