DOUCET, Judge.
MOTION TO DISMISS
The plaintiff-appellee, Agnes Burcker Le-tulle moves to dismiss the suspensive appeal of the defendant-appellant, S & E Oil Company on the grounds that the suspensive appeal was not timely perfected.
The suspensive appeal was filed by S & E Oil Company from a money judgment rendered against it and signed on May 2, 1979.
Under the terms of LSA-C.C.P. Article 2123, a suspensive appeal may be taken and the required security furnished only within 30 days of the expiration of the delay for applying for a new trial, if no application for a new trial is filed. LSA-C.C.P. Article 1974 states that the delay for applying for a new trial is seven days.
In the case at bar, no new trial was applied for, therefore, under LSA-C.C.P. Article 1974, the appellant’s time to apply for a new trial began to run on May 3 and expired on May 11. Under LSA-C.C.P. Article 2123, appellant had until June 11 (June 10 being a Sunday, appellant had until the next clear day) to perfect its appeal. Defendant’s applied for a suspensive appeal on June 11, but did not furnish the required security until June 12, and therefore, failed to timely perfect the appeal.
However, the appeal was timely as devolutive appeal. LSA-C.C.P. Article 2087. When a suspensive appeal is not timely filed the appellant’s appeal is considered as devolutive if the requirements for a devolutive appeal are satisfied. This is notwithstanding the fact that the motion and order of appeal failed to mention a devolutive appeal, Gwatney v. Miller, 365 So.2d 1133 (La.App. 3rd Cir. 1978).
For the above and foregoing reasons, appellant’s suspensive appeal is dismissed, the devolutive appeal is maintained.

SUSPENSIVE APPEAL DISMISSED; DEVOLUTIVE APPEAL MAINTAINED.