_JjD0UCET, Chief Judge.
An Office of Workers’ Compensation (OWC) judge found Claimant, Elvina Mon-ceaux, was injured in the course and scope of her employment on January 24, 1999, and awarded her benefits for temporary total disability in a judgment rendered and signed May 14, 2001. That judgment also awarded Claimant attorney’s fees in the amount of $3,500.00 and penalties in the amount of $2,000.00. Claimant appeals, arguing only the inadequacy of the attorney’s fees awarded. We affirm the judgment of the OWC judge.
LAW AND DISCUSSION
In connection with his representation of Claimant in this case, counsel for Claimant submitted an affidavit relating a total of 87 hours of work on Ms. Monceaux’s case to the date of trial, which at counsel’s hourly rate of $125.00 per hours amounts to $10,875.00. The OWC judge awarded counsel $3,500.00 in attorney’s fees under La .R.S. 23:1201(F), and Claimant appeals based upon the Louisiana Supreme Court’s ruling in McCarroll v. Airport Shuttle, Inc., 00-1123 (La.11/28/00); 773 So.2d 694. In McCarroll, the court explained as follows:
There are two types of attorney fees involved in the present case. The first type is the contractual contingency fee. This fee is not a statutory fee — it is not authorized by statute (it is authorized by contract between the employee and the attorney), but it is limited by statute (La.Rev.Stat. 23:1141, quoted in footnote 2). Moreover, the contractual fee is not assessed against the employer or the employer’s insurer, but is contractually payable by the employee to the attorney out of the employee’s recovery of benefits that is attributable to the litigation handled by the attorney. Finally, the contractual fee, as a contingency fee, is payable in every case of successful litigation over unpaid benefits, irrespective of the employer’s or insurer’s failure to reasonably controvert the claim that benefits are due to the employee.
On the other hand, attorney fees (as well as penalties) awarded for failing to reasonably controvert the claim are statutory fees assessed 1 ^against the employer or the insurer (or both). Finally, statutory fees are not payable in every case of successful litigation, but rather are payable only where the employer or insurer fails to pay benefits timely and fails, at trial, to show a reasonable controversy over the claim (or to show that nonpayment is the result of conditions over which the employer or insurer had no control).

Attorney Fees in the Present Case

The Legislature intended both the penalties and the attorney fees authorized by La.Rev.Stat. 23:1201F as a means of deterring arbitrary conduct by the employer or the employer’s insurer. When the workers’ compensation judge awards statutory attorney fees, the question arises whether the attorney is entitled to these fees in addition to the contractual fees....
[[Image here]]
In our determination of the respective rights of the employee and the attorney to the statutory attorney fees, a persuasive factor is the methodology used to calculate the amount of the statutory attorney fees. The only limitation on the amount is the reasonableness of the fee awarded by the judge. Cain, supra [Cain v. Employers Cas. Co., 236 La. 1085, 110 So.2d 108 (1959) ]. The amount awarded rests within the discretion of the workers’ compensation judge, as long as that amount is supported by the record. Some of the factors taken into account by the judge in fixing the amount of the fee are the degree of skill *616 and ability exercised by the attorney, the amount of the claim, the amount recovered for the employee, and the amount of time the attorney devoted to the case. H. Alston Johnson, III, supra § 389. The amount awarded is intended to provide full recovery, without statutory limitation, for attorney’s services and expenses in connection with the litigation. If the attorney were allowed to collect the contractual attorney fees in addition to the full compensation awarded in the statutory attorney fees, the attorney would get double recovery (to the extent of the limited contractual fee) for his services, at the expense of his client.
We therefore conclude that the statutory attorney fees, awarded to the employee in cases of arbitrary behavior of the employer or the insurer, were intended to benefit the employee, who would otherwise have to pay the contractual attorney fees out of his or her benefits recovered in the litigation, and were not intended to provide additional fees to the employee’s attorney, who received the amount of the statutory attorney fees as full compensation for legal services in the litigation.
Id. at 697-700 (footnotes omitted) (second emphasis ours).
^Appellant would have us apply the emphasized wording of McCanvll literally, without regard to the facts in each case. However, it is well settled in workers’ compensation cases, as well as others, that statutes imposing liability for penalties and attorney’s fees are penal in nature and must be strictly construed. See Spinks v. James Hutchins Farms, 98-811 (La.App. 3 Cir. 2/3/99); 736 So.2d 226, writ denied, 99-0630 (La.4/23/99); 742 So.2d 888; Lewis v. Malone & Hyde, Inc., 626 So.2d 531 (La.App. 3 Cir.1993); Terro v. WMCO, Inc., 619 So.2d 639 (La.App. 3 Cir.1993); Fusilier v. Liberty Rice Mill, Inc., 569 So.2d 1050 (La.App. 3 Cir.1990).
The judgment from the OWC reads in part as follows (formatted as in original to the extent possible):
IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT THERE BE JUDGMENT IN FAVOR OF ELVINA MONCEAUX AGAINST TOSCO MARKETING COMPANY FOR A PENALTY OF $2000 AND AN ATTORNEY FEE OF $3500 PAYABLE TO MICHAEL B. MILLER, DUE TO ACTIONS OF THE EMPLOYER CONCERNING THE PAYMENT OF WAGE BENEFITS, WITH ANY CREDIT OWED ELVINA MON-CEAUX AGAINST HER CONTRACTUAL ATTORNEY FEES TO BE FIXED AT A LATER DATE, AND TOGETHER WITH ALL COSTS OF THIS SUIT.
Further, in her reasons for judgment, the OWC judge explained (formatted as in original to the extent possible) (underlining ours):
A PENALTY OF $2000 WILL BE ASSESSED FOR THE WAGE BENEFIT ISSUES, PER BROWN. THE ATTORNEY FEE ISSUE IS MORE COMPLICATED, DUE TO McCARROLL v. AIRPORT SHUTTLE, INC., 00-CC-1123 (LA.11/28/00); 773 So.2d 694. IN McCARROLL, THE COURT DISCUSSED TWO TYPES OF ATTORNEY FEES IN WORKERS’ COMPENSATION CASES: THE CONTRACTUAL FEE AUTHORIZED BY THE CONTRACT BETWEEN THE ATTORNEY AND THE CLIENT AND LIMITED BY 23:1141, AND THE STATUTORY ATTORNEY FEE, SPECIFICALLY 23:1201F IN McCAR-ROLL, AND IN THE PRESENT CASE. THE COURT STATED THAT THE CONTRACTUAL FEE.
*617 “... IS NOT ASSESSED AGAINST THE EMPLOYER OR THE EMPLOYER’S INSURER, BUT IS CONTRACTUALLY PAYABLE BY THE EMPLOYEE TO THE ATTORNEY OUT OF THE EMPLOYEE’S RECOVERY OF BENEFITS THAT IS ATTRIBUTABLE TO THE LITIGATION HANDLED BY THE ATTORNEY. FINALLY, THE CONTRACTUAL FEE, AS A CONTINGENCY FEE, IS PAYABLE IN EVERY CASE OF ^SUCCESSFUL LITIGATION OVER UNPAID BENEFITS, IRRESPECTIVE OF THE EMPLOYER’S OR INSURER’S FAILURE TO REASONABLY CONTROVERT THE CLAIM THAT BENEFITS ARE DUE TO THE EMPLOYEES” 773 So.2D AT PAGE 698
THIS COURT NOTES THAT 23:1141 DOES NOT REQUIRE ACTUAL “LITIGATION” FOR THE ATTORNEY TO BE ENTITLED TO A CLAIM FOR HIS “LEGAL SERVICES,” AND A CONTRACTUAL FEE MAY BE OWED TO THE ATTORNEY EVEN IF WORKERS’ COMPENSATION BENEFITS WERE OBTAINED] FOR THE CLIENT WITHOUT THE FILING OF SUIT.
WITH RESPECT TO THE “STATUTORY” OR PENALTY ATTORNEY FEE, THE COURT FOUND:
“ ... THE AMOUNT AWARDED IS INTENDED TO PROVIDE FULL RECOVERY, WITHOUT STATUTORY LIMITATION, FOR ATTORNEY’S SERVICES AND EXPENSES IN CONNECTION WITH THE LITIGATION. IF THE ATTORNEY WERE ALLOWED TO COLLECT THE CONTRACTUAL ATTORNEY FEES IN ADDITION TO THE FULL COMPENSATION AWARDED IN THE STATUTORY ATTORNEY FEES, THE ATTORNEY WOULD GET DOUBLE RECOVERY (TO THE EXTENT OF THE LIMITED CONTRACTUAL FEE) FOR HIS SERVICES, AT THE EXPENSE OF HIS CLIENT.
WE THEREFORE CONCLUDE THAT THE STATUTORY ATTORNEY FEES, AWARDED TO THE EMPLOYEE IN CASES OF ARBITRARY BEHAVIOR OF THE EMPLOYER OR THE INSURER, WERE INTENDED TO BENEFIT THE EMPLOYEE, WHO WOULD OTHERWISE HAVE TO PAY THE CONTRACTUAL ATTORNEY FEES OUT OF HIS OR HER BENEFITS RECOVERED IN THE LITIGATION, AND WERE NOT INTENDED TO PROVIDE ADDITIONAL FEES TO THE EMPLOYEE’S ATTORNEY, WHO RECEIVED THE AMOUNT OF THE STATUTORY ATTORNEY FEES AS “FULL COMPENSATION FOR LEGAL SERVICES IN THE LITIGATION 773 So.2D [AT] PAGE 700 (EMPHASIS MINE)
A STRICT APPLICATION OF THE ABOVE QUOTED LANGUAGE WOULD LEAD TO AN ATTORNEY FEE OF APPROXIMATELY $10, 875, BASED UPON CLAIMANT’S EXHIBIT #6 WHICH REFLECTS 87 TOTAL HOURS OF SERVICE AT A RATE OF $125 PER HOUR, THROUGH TRIAL. McCARROLL MAKES NO DISTINCTION BY ITS LANGUAGE FOR COMPENSATING THE ATTORNEY FOR HIS SERVICES ON THOSE ISSUES WHICH WERE NOT REASONABLY CONTROVERTED, AND THOSE ISSUES WHICH WERE REASONABLY CON *618 TROVERTED. THIS WOULD APPEAR TO BE DUE TO THE FACTS IN THAT CASE, WHICH INVOLVED A DISPUTE BETWEEN TWO INSURERS OYER WHICH OF TWO ACCIDENTS OCCASIONED THE DISABILITY. CERTAINLY, WHEN THERE IS A THRESHOLD ISSUE OF COMPENSABILITY, AND BENEFITS ARE DENIED WITHOUT REASONABLE CONTROVERSION OF THE CLAIM, IT MAKES SENSE THAT MOST, IF NOT ALL, OF THE | ^ATTORNEY’S SERVICES ARE RELATED TO THE STATUTORY FEE AWARD. HOWEVER, NOT ALL FACTUAL SITUATIONS ARE THAT STRAIGHTFORWARD IN WORKERS’ COMPENSATION CASES. WHAT IF THE CASE INVOLVED AN EXTREMELY COMPLICATED ISSUE OF DISABILITY STATUS, AND THE INSURER VOLUNTARILY PAID BENEFITS PENDING TRIAL, REASONABLY CONTROVERTED THE PRIMARY ISSUE OF DISABILITY STATUS, BUT PAID ONE MEDICAL BILL 62 DAYS AFTER RECEIPT? SHOULD THE STATUTORY FEE OWED FOR THE SINGLE LATE MEDICAL BILL COVER THE ENTIRE SERVICES OF THE ATTORNEY ON THE DISABILITY ISSUE?
THIS COURT BELIEVES THAT THE STATUTORY FEE SHOULD ONLY COMPENSATE THE EMPLOYEE AND HER ATTORNEY FOR THE SERVICES PERFORMED ON THE ISSUES WHICH ARE NOT REASONABLY CONTROVERTED. IN THE PRESENT CASE, THE EMPLOYER OWES A STATUTORY FEE FOR MISCALCULATION OF THE WAGE BENEFITS. SEE WILLIAMS v. HOSPITAL SERVICES, 95-214 (LA.APP. 5 CIR. 9/20/95); 663 So.2d 749, CERT. DENIED 96-0192 (LA.3/15/96), 669 So.2d 418. THE COURT AWARDS THE SUM OF $3500 AS AN ATTORNEY FEE TO COVER THE ATTORNEY’S SERVICES AND EXPENSES RELATING TO THE WAGE CALCULATION ISSUE.
McCARROLL ALSO RAISES THE ISSUE OF THE CREDIT TO WHICH THE EMPLOYEE IS ENTITLED BY THIS AWARD OF ATTORNEY FEES, AGAINST WHATEVER FEE THE EMPLOYEE MAY OWE HER ATTORNEY BY CONTRACT. SEE FOOTNOTE 11, 773 So.2D [AT] 701. HOWEVER, THE ISSUE OF THAT CREDIT IS NOT DIRECTLY BEFORE THE COURT, AS MS. MON-CEAUX’S COUNSEL HAS NOT MADE FORMAL APPLICATION FOR APPROVAL OF HIS CONTRACTUAL FEE, AND PRESUMABLY THE ATTORNEY-CLIENT RELATION HAS AND WILL CONTINUE SUBSEQUENT TO THIS TRIAL. THE ATTORNEY FEE SHALL BE PAYABLE DIRECTLY TO COUNSEL FOR MS. MONCEAUX, AND THE CREDIT TO MS. MON-CEAUX’S CONTRACTUAL OBLIGATION FOR SERVICES RENDERED SHALL BE DETERMINED UPON THE APPLICATION FOR APPROVAL OF THE CONTRACTUAL ATTORNEY FEE.
We have considered several rules of law in deciding this case: 1) Each ease must be decided on its owns facts; 2) Statutes which are penal in nature must be strictly-construed; and 8) The rule governing the appellate review of workers’ compensation cases as set out by this court in Desselle v. The Oaks Care Center, 01-0044, p. 4 (La.App. 3 Cir. 5/2/01); 787 So.2d 500, 502, *619 writ denied, 01-1193 (La.4/25/01); 790 So.2d 646:
An appellate court may not set aside the factual findings of a workers’ compensation judge in the absence of a manifest error or unless it is clearly wrong. Wackenhut Corrections Corp. v. Bradley, 96-796 (La.App. 3 Cir. 12/26/96); 685 So.2d 661. The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. The workers’ compensation judge has great discretion in an award of attorney’s fees and penalties, and his or her discretion will not be disturbed unless it is clearly wrong. George v. M & G Testing and Services, Inc., 95-31 (La.App. 3 Cir. 7/19/95); 663 So.2d 79, writ denied, 96-0039 (La.3/8/96); 669 So.2d 403.
Considering the foregoing, we cannot say the OWC judge was clearly wrong in limiting counsel’s compensation to the work he performed in connection with the arbitrary conduct which gave rise to the assessment of attorney’s fees. Further, we do not find that the OWC judge abused her much discretion in the amount of attorney’s fees she awarded.
Accordingly, for the reasons stated, the judgment of the Office of Workers’ Compensation is affirmed. Costs of this appeal are assessed against Appellant.
AFFIRMED.