839 So.2d 1167 (2003)
Golda ARDOIN
v.
KIPLING KORNER GROCERY.
No. 02-1372.
Court of Appeal of Louisiana, Third Circuit.
March 5, 2003.
Scott J. Pias, Attorney at Law, Lake Charles, LA, for Plaintiff/Appellant: Golda Ardoin.
Frank E. Brown, III, Johnson, Stiltner & Rahman, Baton Rouge, LA, for Defendant/Appellee: Kipling Korner Grocery.
Court composed of JIMMIE C. PETERS, MARC T. AMY, and MICHAEL G. SULLIVAN, Judges.
SULLIVAN, Judge.
Golda Ardoin appeals the amount of attorney fees awarded for trial of her workers' compensation claim. For the following reasons, we affirm.

Procedural History
This matter has previously been before us. In Ardoin v. Kipling Korner Grocery, 01-1596 (La.App. 3 Cir. 4/17/02); 824 So.2d 371, we found that the workers' compensation judge (WCJ) erred in denying Mrs. Ardoin's claim for penalties and attorney fees for her employer's refusal to pay benefits. In that opinion, we awarded Mrs. Ardoin $2,000.00 in penalties and $3,500.00 in attorney fees for work performed on appeal, but we remanded the matter for additional evidence as to an *1168 appropriate amount of attorney fees for trial work. After a hearing on remand, the WCJ awarded Mrs. Ardoin $2,800.00 in attorney fees for trial of the matter. On appeal, she contends that this award is inadequate.

Discussion
In her appellate brief, Mrs. Ardoin suggests that our review of the amount of attorney fees awarded is a legal issue that is not governed by the manifest error standard. We disagree. As the supreme court explained in McCarroll v. Airport Shuttle, Inc., 00-1123, p. 9 (La.11/28/00); 773 So.2d 694, 700: "The amount [of statutory attorney fees] awarded rests within the discretion of the workers' compensation judge, as long as that amount is supported by the record." Well before McCarroll, however, this court held that the trier of fact has great discretion in awarding attorney fees and that such an award "will not be disturbed absent manifest error." Poirrier v. Otis Eng'g Corp., 602 So.2d 207, 212 (La.App. 3 Cir.1992). In Smith v. Quarles Drilling Co., 01-251 (La.App. 3 Cir. 10/3/01); 801 So.2d 1128, writs denied, 02-80 (La.3/28/02); 811 So.2d 943, and 02-123 (La.3/28/02); 811 So.2d 945, we recognized that an award of attorney fees may be increased or decreased on appeal only to the lowest or highest amount supported by the record. See also Burns v. St. Frances Cabrini Hosp., 02-518 (La.App. 3 Cir. 10/30/02); 830 So.2d 572; Frank v. Kent Guidry Farms, 01-727 (La.App. 3 Cir. 5/8/02); 816 So.2d 969; Monceaux v. Tosco Mktg. Co., 01-1019 (La.App. 3 Cir. 12/12/01); 801 So.2d 614, writ denied, 02-104 (La.3/28/02); 811 So.2d 944 (all finding no abuse of discretion in the amount of attorney fees awarded).
In McCarroll, 773 So.2d at 697-98 (footnotes omitted), the supreme court explained the difference between an attorney's contingency fee in a workers' compensation case and attorney fees imposed under La.R.S. 23:1201(F) as follows:
The first type is the contractual contingency fee. This fee is not a statutory feeit is not authorized by statute (it is authorized by contract between the employee and the attorney), but it is limited by statute (La.Rev.Stat. 23:1141 ...). Moreover, the contractual fee is not assessed against the employer or the employer's insurer, but is contractually payable by the employee to the attorney out of the employee's recovery of benefits that is attributable to the litigation handled by the attorney. Finally, the contractual fee, as a contingency fee, is payable in every case of successful litigation over unpaid benefits, irrespective of the employer's or insurer's failure to reasonably controvert the claim that benefits are due to the employee.
On the other hand, attorney fees (as well as penalties) awarded for failing to reasonably controvert the claim are statutory fees assessed against the employer or the insurer (or both). Finally, statutory fees are not payable in every case of successful litigation, but rather are payable only where the employer or insurer fails to pay benefits timely and fails, at trial, to show a reasonable controversy over the claim (or to show that nonpayment is the result of conditions over which the employer or insurer had no control).
In discussing the calculation of the statutory fee, the supreme court further explained:
The only limitation on the amount is the reasonableness of the fee awarded by the judge.... Some of the factors taken into account by the judge in fixing the amount of the fee are the degree of skill and ability exercised by the attorney, the amount of the claim, the amount recovered for the employee, and the *1169 amount of time the attorney devoted to the case. The amount awarded is intended to provide full recovery, without statutory limitation, for attorney's services and expenses in connection with the litigation.

Id. at 700 (citations omitted) (footnote omitted) (emphasis added).
Although McCarroll concerned the distribution of a statutory attorney fee between the employee and his attorney, it has been cited where the amount of the attorney fee is at issue. See Desselle v. Oaks Care Ctr., 01-44 (La.App. 3 Cir. 4/24/02); 824 So.2d 394. In addition to the factors listed in McCarroll, appellate courts have considered Rule 1.5 of the Rules of Professional Conduct in reviewing the reasonableness of attorney fees in workers' compensation cases. Some of those factors include the novelty and difficulty of the questions involved; the fee customarily charged in the locality for similar legal services; the length of the professional relationship with the client; and the experience, reputation, and ability of the attorney.
Citing the italicized language from McCarroll, as well as her attorney's uncontested affidavit that he spent twenty-six hours of trial work at an hourly rate of $175.00, Mrs. Ardoin argues that the WCJ erred as a matter of law in awarding "an amount less than $4,550.00 which is the only amount that could be supported based upon the evidence in the record." In urging an affirmation, her employer responds that the award of $2,800.00 in attorney fees is actually $200.00 too high, in light of our award in Smith, 801 So.2d 1128, of fees at $100.00 per hour, even though that attorney had requested $125.00 per hour for trial work and $185.00 per hour for appellate work.
Both Plaintiff and Defendant would have us mechanically apply only two of the factors listed above: the customary rate for similar legal matters and the amount of time expended on the claim.[1] In addition to ignoring the other factors of McCarroll and the Professional Rules, their approach disregards the discretion afforded the WCJ in awarding attorney fees. Further, it is not our function to declare what is an appropriate hourly rate in workers' compensation cases.[2] Rather, our role is to determine whether the WCJ abused her discretion in setting a reasonable fee.
Mrs. Ardoin's attorney's skill and diligence is evident from the record, in that he obtained awards for past and future indemnity benefits, medical expenses, penalties, and attorney fees. However, the trial essentially dealt with only one issue: whether or not Mrs. Ardoin was in the course and scope of her employment when she was injured. Her continued disability was not seriously contested, and her employer admitted at the close of evidence that Mrs. Ardoin had not been released to return to work. The exhibits Mrs. Ardoin introduced consisted mainly of one letter demanding treatment, medical records and bills, and two fact witnesses' statements that were taken by her employer's insurance company; no depositions were introduced. Although we consider an award of $2,800.00 in attorney fees to be low in any *1170 case that is fully tried, we do not find an abuse of discretion on the record before us.
In reaching this conclusion, we have also considered that Mrs. Ardoin received a generous award of $3,500.00 for work performed on her first appeal. We have previously found that an award for trial work may also adequately compensate for work spent successfully defending an appeal. See Harbor v. St. Frances Cabrini Hosp., 01-1551 (La.App. 3 Cir. 5/15/02); 817 So.2d 1269, writ denied, 02-1684 (La.10/4/02); 826 So.2d 1125. Finding that the reverse is, in part, present here, we decline to disturb a total attorney fee award of $6,300.00 in this case.

Decree
For the above reasons, the judgment of the Office of Workers' Compensation is affirmed. Costs of this appeal are assessed to Plaintiff Appellant, Golda Ardoin.
AFFIRMED.
NOTES
[1] Concerning these factors, the second circuit has stated: "There is no requirement that the trial court hear evidence concerning the time spent or the hourly rates charged to make an award of attorney fees since the record will reflect much of the services rendered." Tatum v. St. Patrick's Psychiatric Hosp., 34,957, p. 4 (La.App. 2 Cir. 8/22/01); 794 So.2d 958, 961 (emphasis added).
[2] Although we awarded attorney fees based upon a rate of $100.00 an hour in Smith, 801 So.2d 1128, we were constrained by the standard of raising the award only to the lowest reasonable fee supported by the record.