STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 05-72


APRIL GLAZE

VERSUS

WAL-MART STORES, INC.


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 3
PARISH OF CALCASIEU, NO. 04-02411
CHARLOTTE A. L. BUSHNELL, WORKERS' COMPENSATION JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Glenn B. Gremillion, Billy Howard Ezell, and James T. Genovese, Judges.

**AFFIRMED AS AMENDED.**

**Randall Scott Iles**
**Attorney at Law**
**P. O. Box 3385**
**Lafayette, LA 70502**
**(337) 234-8800**
**Counsel for Plaintiff/Appellee:**
**April Glaze**

**Charles Martin Kreamer, Sr.**
**Allen & Gooch**
**1015 St. John Street**
**Lafayette, LA 70502-3768**
**(337) 291-1000**
**Counsel for Defendant/Appellant:**
**Wal-Mart Stores, Inc.**

**EZELL, JUDGE**.

In this workers' compensation matter, the Defendant, Wal-Mart Stores, Inc. (Wal-Mart) appeals the decision of the workers' compensation judge granting a motion for summary judgment in favor of its employee, April Glaze. Ms. Glaze answers the appeal, seeking an increase in attorney fees and additional attorney fees for work done on this appeal. For the following reasons, we affirm the decision of the workers' compensation judge as amended.

Ms. Glaze claims she injured her back and neck on December 11, 2003, while in the course and scope of her employment at Wal-Mart, lifting a battery and straightening shelves. Wal-Mart voluntarily began paying her workers' compensation disability benefits almost immediately. After over three months of these payments, Ms. Glaze filed this claim seeking to change her physician and alleging that her benefits were being underpaid by $26.65 per week. She also sought penalties and attorney fees for the underpayment. Although Wal-Mart disputed several of Ms. Glaze's claims, they approved the change of doctor and corrected her disability benefit rate. Wal-Mart also paid Ms. Glaze what she was owed in back-due benefits for the underpayment before this claim was brought. Ms. Glaze then filed a motion for summary judgment on the issue of attorney fees.

The workers' compensation judge granted the motion for summary judgment because Wal-Mart admitted to underpaying the indemnity benefits and awarded Ms. Glaze $2,000.00 in penalties and $3,000.00 in attorney fees. From this decision, Wal-Mart appeals.

On appeal, Wal-Mart asserts as its lone assignment of error that the workers' compensation judge erred in granting the summary judgment, as they claim there were still facts in dispute that needed to be decided at a trial. Ms. Glaze also appeals,

seeking an increase in attorney fees for work done on this appeal and claiming that the award of attorney fees for the work done at the trial below was too low.

The proper standard of review for an appellate court considering summary judgment is *de novo*.

> Appellate courts review summary judgments *de novo*. It is well established that a summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.

*Palma, Inc., v. Crane Servs. Inc.*, 03-614, p.3 (La.App. 3 Cir. 11/5/03), 858 So.2d 772, 774 (citation omitted)(*quoting Shelton v. Standard/700 Assocs.*, 01-587, p.5 (La. 10/16/01), 798 So.2d 60,64-65) La. Code Civ.P. art. 966.

Louisiana Revised Statute 23:1201(F) states, in pertinent part:

> Failure to provide payment in accordance with this Section or failure to consent to the employee's request to select a treating physician or change physicians when such consent is required by R.S. 23:1121 shall result in the assessment of a penalty in an amount up to the greater of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar day for each day in which any and all compensation or medical benefits remain unpaid or such consent is withheld, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. . . .

It is clear from the record that, while Wal-Mart was voluntarily paying workers' compensation benefits to Ms. Glaze, which does not constitute an admission of liability under La.R.S. 23:1204, they did not pay her the correct amount. Wal-Mart openly admitted this fact by correcting the amount of benefits they were paying Ms. Glaze, and by paying her back-due benefits for the months of underpayments. As such, we find no genuine issue of material fact as to the admitted underpayment. The workers' compensation judge was correct in granting the summary judgment.

As for Ms. Glaze's answer seeking an increase in attorney fees, "[a]s long as an award for attorney fees is supported by the record, the amount of the award is within the discretion of the [workers' compensation judge]." *Burns v. St. Frances Cabrini Hosp.*, 02-518, p. 5 (La.App. 3 Cir. 10/30/02), 830 So.2d 572, 576 (citing *McCarroll v. Airport Shuttle, Inc.*, 00-1123 (La.11/28/00), 773 So.2d 694). "Some of the factors taken into account by the judge in fixing the amount of the fee are the degree of skill and ability exercised by the attorney, the amount of the claim, the amount recovered for the employee, and the amount of time the attorney devoted to the case." *Ardoin v. Kipling Korner Grocery*, 02-1372, pp. 2-3 (La.App. 3 Cir. 3/5/03), 839 So.2d 1167, 1168-69 (*quoting McCarroll*, 773 So.2d at 700). We decline to disturb the amount of attorney fees awarded in this case for the work done prior to this appeal, as we find the award is supported by the record and find no abuse of the workers' compensation judge's discretion.

Ms. Glaze also answered the appeal seeking an increase in attorney fees to cover the cost of the work necessitated by Wal-Mart's appeal. The workers' compensation judge awarded claimant $3,000.00 in attorney fees at the hearing level. We increase the award to $4,500.00 to cover the extra work necessitated by this appeal.

Accordingly, for the reasons stated, the decision of the workers' compensation judge is affirmed as amended. The award of attorney fees is increased to $4,500.00. All costs of this appeal are assessed against Wal-Mart Stores, Inc.

**AFFIRMED AS AMENDED.**

3