STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1133

ORACLE 1031 EXCHANGE, LLC, ET AL.

VERSUS

LEONARD BOURQUE, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 89927
HONORABLE HERMAN C. CLAUSE, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and J. David Painter, Judges.

AFFIRMED

Daniel C. Hughes
Attorney at Law
126 Heymann Blvd.
Lafayette, LA 70503
(337) 237-6566
COUNSEL FOR PLAINTIFF APPELLANT:
    Oracle 1031 Exchange, LLC
    Delphi Oil, Inc.

**Brett Page Furr**
**Taylor, Porter, Brooks**
**P. O. Box 2471**
**Baton Rouge, LA 70821-2471**
**(225) 387-3221**
**COUNSEL FOR PLAINTIFF APPELLANT:**
 **Oracle 1031 Exchange, LLC**
 **Delphi Oil, Inc.**

**George Andrew Veazey**
**Huval, Veazey, etc**
**P. O. Box 80948**
**Lafayette, LA 70598-0948**
**(337) 234-5350**
**COUNSEL FOR DEFENDANT APPELLEE:**
 **Leonard Bourque, et al.**

**Edward D. Hughes**
**Taylor, Porter, Brooks**
**P. O. Box 2471**
**Baton Rouge, LA 70821**
**(225) 387-3221**
**COUNSEL FOR PLAINTIFF APPELLANT:**
 **Oracle 1031 Exchange, LLC**
 **Delphi Oil, Inc.**

**SAUNDERS, Judge.**

This is a mineral royalties case where a group of royalty owners answered a concursus with a reconventional and third party demand for penalties and attorney's fees under the Louisiana Mineral Code against the assigned lessee of the oil leases, the oil well operator, and the oil well's contract driller. The trial court adjudged that the lessee, operator, and contract driller, in solido, owed the royalty owners penalties in the amount of double damages of the outstanding royalties and attorney's fees.

The lessee, operator, and contract driller appeal the trial court's judgment. The operator and contract driller assert that they could not be held liable in judgment to the royalty owners under the leases, as they were not party to those leases. All three contend that their actions did not warrant punishment under La.R.S. 37:139 and that the amount of attorney's fees awarded to the royalty owners was unreasonable. We affirm.

## FACTS AND PROCEDURAL HISTORY:

In May 2007, Oracle 1031 Exchange, LLC ("Exchange"), Delphi Oil, Inc. ("Delphi"), and Oracle Oil, LLC ("Oracle") (collectively "appellants"), identified a potential oil and gas prospect in the Lac Blanc Field in Vermilion Parish, Louisiana. Leonard Bourque, Margarite Connor Bourque, G&G Management, LLC, Gerald Patrick Veazey, Jane Lucille Miller Veazey, Debra Ann Veazey Ebner, Neil Thomas Veazey, Donnie L. Veazey, Jacob Glen Veazey, Jean Bouse, Daniel J. Duhon, Paul F. Duhon, Charles P. Duhon, Madeline Zelda Choate Vaughan, Roberta Veazey Granberry, Mona Rae Vincent Hebert, Lanny Choate, GCL Investments, Vea-See Properties, LLC, Petro Pig, LLC, Bo & B LLC, Oh-Well, LLC, and LMCD & Family Royalties, LLC. (collectively "the royalty owners") were all parties who had royalty interests in the Lucille B. Broussard No.

Well that was eventually created from the identified prospect in the Lac Blanc Field.

Mike Veazey, Jim Veazey, and Robert Nicholson ("the Veazey group") entered into leases with the royalty owners for their royalty interests. Thereafter, those leases were assigned to Exchange.

In September 2007, Oracle began drilling the well. The well spudded on November 8, 2007. By April 2008, the well produced 725.54 barrels of oil. This oil was sold to Plains Marketing, L.P. Oracle received a net sum of $68,452.42. By June 2008, the well produced an additional 184.24 barrels of oil that sold for a net sum of $20,932.09.

On August 5, 2008, Delphi paid the Vermilion Parish School Board a total of $640.12 for the royalties the well produced. No other royalty owner was paid from the well in 2008.

On January 12, 2009, counsel for the royalty owners sent letters to Oracle, Delphi, and Exchange demanding payment for all royalties earned. In response, on February 12, 2009, Exchange filed a petition for concursus. Thereafter, Oracle deposited $18,897.00 into the court's registry. The royalty owners answered the concursus and also filed a reconventional demand against Exchange and a third party demand against Delphi and Oracle for penalties and attorney's fees under the Louisiana Mineral Code.

On February 2, 2011, the trial court ruled that even though the royalty payments had now been paid, under La.R.S. 31:139, the royalty owners were entitled to, from appellants, damages of double the amount of royalties due, interest of the sum from the date due, and reasonable attorney's fees to be determined in a separate, further proceeding. Further, the trial court ruled that the royalty owners were not entitled to dissolution of the leases and that costs were to

2

be paid by appellants.  After a hearing for the purpose of determining reasonable attorney's fees, on April 12, 2011, the trial court found that the royalty owners were entitled to reasonable attorney's fees of $30,502.50 and costs of $2,607.59 in which appellants were liable unto them in solido.  Appellants, after being denied a motion for new trial, timely filed this appeal.

## ASSIGNMENTS OF ERROR:

1.    The trial court erred in casting Delphi and Oracle in judgment for penalties and attorney's fees despite no contractual basis for any such obligation.

2.    The trial court erred in finding that Exchange's filing a petition for concursus to deposit funds in the registry of the court in response to the royalty owners' demand was unreasonable and/or willful.

3.    The trial court erred in awarding an unreasonable amount of attorney's fees under Louisiana law.

## ASSIGNMENT OF ERROR NUMBER ONE:

Delphi and Oracle contend that the trial court erred in casting them in judgment for penalties and attorney's fees despite no contractual basis for any such obligation.  We find no merit to this contention.

Dephi and Oracle's assignment of error posits a question of law as to whether the trial court was legally correct in casting them in judgment for penalties and attorney's fees under La.R.S. 31:137 et seq.  Questions of law are reviewed de novo. *McFadden v. Import One, Inc.*, 10-952 (La.App. 3 Cir. 2/9/11), 56 So.3d 1212.

In Louisiana, corporations are generally recognized as separate entities. However, the legal fiction of a distinct corporate entity may be disregarded when a corporation is so organized and controlled as to make it merely an instrumentality or adjunct of another corporation. If one corporation is wholly under the control of another, the fact that it is a separate entity does not relieve the latter from liability. In such an instance, the former corporation is merely an alter ego or a business

3

conduit of the latter. *Green v. Champion Insurance Company*, 577 So.2d 249, 257 (La.App. 1st Cir.), *writ denied*, 580 So.2d 668 (La.1991).

*Grayson v. R.B. Ammon and Assoc., Inc.*, 99-2597, p. 14 (La.App. 1 Cir. 11/3/00), 778 So.2d 1, 16-17, *writ denied*, 00-3270, (La. 1/26/01), 782 So.2d 1026 and *writ denied*, 00-3311 (La. 1/26/01) 782 So.2d 1027.

Statutes authorizing imposition of penalties are strictly construed. *Guillory v. Lee*, 09-75 (La. 6/26/09), 16 So.3d 1104. Generally, in Louisiana, attorney fees are not allowed unless authorized by statute or provided for by contract. *Sharbono v. Steve Lang & Son Loggers*, 97-110 (La. 7/1/97), 696 So.2d 1382.

Louisiana Revised Statutes 31:139 states (emphasis added):

> If the *lessee* pays the royalties due in response to the required notice, the remedy of dissolution shall be unavailable unless it be found that the original failure to pay was fraudulent. The court may award as damages double the amount of royalties due, interest on that sum from the date due, and a reasonable attorney's fee, provided the original failure to pay royalties was either fraudulent or willful and without reasonable grounds. In all other cases, such as mere oversight or neglect, damages shall be limited to interest on the royalties computed from the date due, and a reasonable attorney's fee if such interest is not paid within thirty days of written demand therefor.

In the case before us, the statutory basis for the trial court to award the royalty owners penalties and attorney's fees is La.R.S. 31:139. It only allows for a *lessee* to be cast with penalties and attorney's fees. Delphi and Oracle contend that neither are lessees, because it was Exchange that was assigned the pertinent leases.

Delphi and Oracle are correct that it was only Exchange that was assigned the leases and was the lessee. However, it is clear from the judgment reached by the trial court that it found Exchange was the alter ego of both Delphi and Oracle. The trial court can only rule as it did if it viewed the three entities as a singular entity conducting a single business enterprise. Given that it deemed the three liable for penalties and attorney's fees in solido, it must have reached this result.

4

Whether entities are a single business enterprise is a question of fact that is subject to the manifest error standard of review. *Holly & Smith Architects, Inc. v. St. Helena Congregate Facility*, 03-481 (La.App. 1 Cir. 2/23/04), 872 So.2d 1147.

A reasonable basis exists in the record for the trial court's determination that Delphi, Oracle, and Exchange were a single business enterprise. Delphi and/or Oracle, not Exchange, paid royalties from the well to the Vermillion Parish School Board. Delphi and/or Oracle, not Exchange, deposited the money in the registry of the court for the concursus proceeding. Delphi and/or Oracle, not Exchange, received the checks for selling the oil that the well produced. Delphi and/or Oracle, not Exchange, paid the taxes of the sale of the oil that the well produced. Finally, all three entities are headed by the same person, Robert Brooks. Seemingly in line with the set-up of these entities, Delphi and Oracle have filed this appeal suspensively, suggesting that they are financially solvent, while Exchange filed devolutively, which could be taken to suggest otherwise.

Accordingly, we find no error manifest error by the trial court in determining that Delphi, Oracle, and Exchange are a single business enterprise. It is clear that Exchange, as assignee of the leases, can be held liable for penalties and attorney's fees under La.R.S. 31:139. Thus, it is legally correct that Delphi and Oracle, when treated as a single business enterprise with Exchange, can be found liable in solido with Exchange for penalties and attorney's fees under La.R.S. 31:137 et seq.

**ASSIGNMENT OF ERROR NUMBER TWO:**

The appellants assert that the trial court erred in finding that their filing a petition for concursus to deposit funds in the registry of the court in response to the royalty owners' demand was unreasonable and/or willful. We find no merit to this argument.

The trial court awarded the royalty owners a penalty of double of the royalties owed and attorney's fees under La.R.S. 37:139. The relevant language of La.R.S. 37:139 (emphasis added) is that, "[t]he court *may* award as damages double the amount of royalties due, interest on that sum from the date due, and a reasonable attorney's fee, provided the original failure to pay royalties was either fraudulent or willful and without reasonable grounds." The legislature's use of "may" in La.R.S. 37:139 is explicit that the trial court's award of double damages and attorney's fees is discretionary. Appellate review of such discretionary decisions is conducted under the "abuse of discretion" standard of review.

> Generally, an abuse of discretion results from a conclusion reached capriciously or in an arbitrary manner. The word "arbitrary" implies a disregard of evidence or of the proper weight thereof. A conclusion is "capricious" when there is no substantial evidence to support it or the conclusion is contrary to substantiated competent evidence.

*Jones v. LSU/EA Conway Med. Ctr.*, 45,410, p. 6 (La.App. 2 Cir. 8/11/10), 46 So.3d 205, 210 (citing *Burst. v. Board of Com'rs, Port of New Orleans*, 93-2069, (La.App 1 Cir. 10/7/94), 646 So.2d 955).

Here, appellants argue that their use of a concursus proceeding renders the trial court's finding that they were "either fraudulent or willful and without reasonable grounds" unwarranted. The appellants' argument is misguided.

In order to potentially award the discretionary penalty and attorney's fees under La.R.S. 37:139, the trial court did not have to find that the appellants' filing of a concursus was "unreasonable and/or willful." The trial court merely had to find that the appellants' actions in delaying payment of royalties to their owners were "either fraudulent or willful and without reasonable grounds." La.R.S. 37:139. Such a finding is a finding of fact and reviewed by the manifest error standard of review.

6

As such, the stated assignment of error raised by appellants does not address the issue correctly. In brief, however, appellants make two arguments as to why the delay in payment of royalties from the time the oil was extracted to payment of the royalties in the concursus proceeding was reasonable.

Their first argument is that they were not sure that the minimal amount of oil extracted triggered a need for them to pay royalties. Appellants deemed this minimal amount of oil as, potentially, "test oil." This contention borders on disingenuous.

Appellants certainly saw this extraction of a minimal amount of oil to trigger its need to pay another royalty owner, the Vermilion Parish School Board. Thus, the trial court was justified in finding that their claim of uncertainty of whether this oil was "test oil" has no merit.

Their second argument is that there were title problems with the land owned by the royalty owners. We find no merit to this argument.

Louisiana Revised Statute 37:138.1(D) precludes the lack of a division order as a reasonable basis for withholding payment of royalties where it states, in pertinent part: "[i]f the lessee fails to pay royalties solely because his lessor has not executed a division order as defined in this Article, the court shall award as damages double the amount of royalties due, legal interest on that sum from the date due, and reasonable attorney's fees." Thus, the portion of appellants' argument related to a lack of division order is without merit.

Further, according to appellants, these title issues placed them "in a curious position: pay royalties to persons it was unsure had proper title or file a Petition for Concursus to protect the moneys until those issues could be resolved." This characterization made by appellants is not well founded.

Appellants, if they were unsure of to whom they owed how much royalties, could have filed for the concursus proceeding prior to being prompted to take action by the royalty owners' letter demanding payment. It is certain that appellants knew they had to pay someone, and it is clear that they chose not do to so until prompted. Accordingly, we find no manifest error made by the trial court in determining that appellants acted "either fraudulent or willful and without reasonable grounds." La.R.S. 37:139.

**ASSIGNMENT OF ERROR NUMBER THREE:**

In their final assignment of error, appellants contend that the trial court erred in awarding an unreasonable amount of attorney's fees under Louisiana law. This contention lacks merit.

The amount of attorney's fees rests largely within the discretion of the trier of fact and should not be disturbed unless unreasonable or manifestly erroneous. *Ardoin v. Kipling Korner Grocery*, 02-1372 (La.App. 3 Cir. 3/5/03), 839 So.2d 1167.

> Factors to be taken into consideration in determining the reasonableness of attorney fees include: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge.

*State, DOTD v. Williamson*, 597 So.2d 439, 442 (La.1992) (footnote and citations omitted).

Louisiana Revised Statute 37:139 authorizes a trial court to award a "reasonable" attorney's fee. This authorization of the trial court to award attorney's fees results from actions that are "either fraudulent or willful and without reasonable grounds" La.R.S. 37:139. We find it clear that the award of

attorney's fees under this statute is penal in nature. As such, the value of the attorney's fees does not need to be proven. See *Dowden v. Commonwealth Life Ins. Co.*, 407 So.2d 1355 (La.App 3 Cir. 1981); *Fontenot v. Town of Kinder*, 377 So.2d 554 (La.App. 3 Cir. 1979); *Trahan v. Rockwood Ins. Co.*, 284 So.2d 659 (La.App. 3 Cir. 1973), *writ denied*, 379 So.2d 1102 (1980).

Moreover, it is clear from the record that the trial court's decision to award the amount of attorney's fees that it did was given extensive consideration. At a hearing specifically had to determine the amount of reasonable attorney's fees, it stated the following:

> [W]hen the award is substantially smaller than the amount asked for in attorney fees in this case . . . you would say, ["]well, wait a minute, this doesn't make sense, to award more attorney fees than was actually awarded after the trial.["] But, of course, understand well, that at the trial, after listening to the evidence, the Court was satisfied that the case had, in fact, been proven, and in order to enforce that right, required that expenditure."

Finally, there exists a reasonable basis in the record for the amount of attorney's fees awarded. Present in the record are the engagement letters from counsel for the royalty owners delineating that an hourly rate of $225.00 would be charged. Appellants' counsel stipulated that this rate is reasonable. Also included in the record is an exhibit submitted by counsel for the royalty owners detailing the hours worked in prosecuting the case. The amount of attorney's fees awarded by the trial court equals the number of hours worked indicated in that exhibit multiplied by the reasonable hourly rate.

Accordingly, we find no merit to appellants' assignment of error. After a thorough review of the record, we find a reasonable basis for the amount of attorney's fees awarded in this case.

**ANCILLARY MATTER:**

The royalty owners request additional attorney's fees for work done on appeal. We grant this request.

"Generally, when an award for attorney's fees is granted at the trial level, additional attorney's fees are proper for work done on appeal. This is to keep the appellate judgment consistent with the underlying judgment." *Wilczewski v. Brookshire Grocery Store*, 08-718, p. 18 (La.App. 3 Cir. 1/28/09), 2 So.3d 1214, 1226, *writ denied*, 09-456 (La.4/13/09), 5 So.3d 170.

Here, the royalty owners were granted attorney's fees below. After reviewing the record, given the efforts to successfully defend the judgment awarding the royalty owners penalties and attorney's fees, we award $5,000.00 in additional attorney's fees for work done on appeal.

## CONCLUSION:

Delphi Oil, Inc. and Oracle Oil, LLC raise three assignments of error. Oracle 1031 Exchange, LLC joins in the second two of these assignments of error. We find no merit to any of the assignments and affirm the trial court's judgment in its entirety. Further, we award $5,000.00 in attorney's fees for work done on appeal to Leonard Bourque, Margarite Connor Bourque, G&G Management, LLC, Gerald Patrick Veazey, Jane Lucille Miller Veazey, Debra Ann Veazey Ebner, Neil Thomas Veazey, Donnie L. Veazey, Jacob Glen Veazey, Jean Bouse, Daniel J. Duhon, Paul F. Duhon, Charles P. Duhon, Madeline Zelda Choate Vaughan, Roberta Veazey Granberry, Mona Rae Vincent Hebert, Lanny Choate, GCL Investments, Vea-See Properties, LLC, Petro Pig, LLC, Bo & B LLC, Oh-Well, LLC, and LMCD & Family Royalties, LLC. We assess all costs of these proceedings to Oracle 1031 Exchange, LLC, Delphi Oil, Inc., and Oracle Oil, LLC.

**AFFIRMED.**