STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

20-36

GRAND POINTE HOMEOWNERS ASSOCIATION, INC.

VERSUS

CHERYL C. HAYMES HEYMANN

************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, DOCKET NO. 2017-2281
HONORABLE MICHELLE BREAUX, DISTRICT JUDGE

************

SYLVIA R. COOKS
JUDGE

************

Court composed of Sylvia R. Cooks, John E. Conery, and D. Kent Savoie, Judges.

**AFFIRMED AS AMENDED.**

L. Lane Roy
Stephanie D. Veech
Brown Sims, P.C.
600 Jefferson Street, Suite 800
Lafayette, LA  70501
(337) 484-1240
COUNSEL FOR DEFENDANT/APPELLANT
 Cheryl C. Haymes Heymann

John A. Mouton, III
Attorney at Law
P.O. Box 82438
Lafayette, LA  70598
(337) 988-6499
COUNSEL FOR PLAINTIFF/APPELLEE:
 Grand Pointe Homeowners Association, Inc.

**Mahtook & Lafleur, L.L.C.**
**Charles A. Mouton**
**Jared L. Foti**
**P.O. Box 3089**
**Lafayette, LA 70502**
**(337) 266-2189**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
  **Grand Pointe Homeowners Association, Inc.**

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

Grand Pointe Homeowners Association, Inc. (Grand Pointe) sued Cheryl C. Haymes Heymann (Heymann) in 2017 to enforce its restrictive covenant provisions including a $20.00 per day fine imposed for each day that Heymann left her uncompleted townhouse in a derelict condition. According to the trial court judgment, Heymann remained non-compliant for 1,019 days. In its unfinished state, Heymann's townhouse allegedly presented a hazard to neighboring property owners and resulted in the flooding of two townhouses in the development. The saga began in 2014 after Heymann began renovations on her newly purchased townhouse. Heymann gutted the interior of the townhouse and boarded up the doors and windows with plywood. She attempted to replace the balcony she had removed with a balcony of a depth of one and one-half feet greater than allowed under the restrictive covenant. After being instructed that she could not enlarge the balcony she proceeded to construct supports for the larger balcony. Eventually she was unable to financially afford to complete the renovation and left the property in a state of disrepair. Heymann admitted she knew she was not in compliance with the restrictive covenant requirements.

In 2019, the Association consented to Heymann selling the townhouse with an agreement in place for Heymann to deposit $59,913.39 in an escrow account and in turn Grand Pointe agreed to clear the liens from the title to her immovable property. In September of 2019, the trial court awarded Grand Pointe $21,655.20 in damages against Heymann. The trial court also found Grand Pointe was entitled to attorney fees in accordance with the provisions of the restrictive covenants and under the provisions of La.R.S. 9:1145, but ordered a separate hearing to determine the amount of fees to be awarded.

On August 22, 2019, the trial court awarded Grand Pointe attorney fees in the amount of $50,675.00. The trial court based its award on the number of hours shown on the records produced by Grand Pointe's attorneys multiplied by the rate of $250.00 per hour. The trial court found the number of hours reflected in the documents presented was reasonable and that the rate charged and requested by the attorneys was also reasonable. Heymann did not present any evidence to controvert these documents and she did not present any expert witness or any testimony to contradict Grand Pointe's assertion that the hourly rate charged is reasonable in Lafayette. In its judgment, the trial court stated it relied on the state supreme court's decision in *Covington v. McNeese State Univ.*, 12-2182 (La.5/7/13), 118 So.3d 343 "for guidance" in calculating the award of reasonable attorney fees. The trial court further remarked that "Louisiana uses the lodestar method to calculate attorney's fees."[1] Heymann does not appeal the damage award or judgment[2] except as to the amount of attorney's fees awarded.

---

[1] "The lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *Id.* at 941 (citing *Stanton*, 327 F.3d at 965). After computing the lodestar figure, the district court may then adjust the figure upward or downward taking into consideration twelve "reasonableness" factors: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Morales v. City of San Rafael,* 96 F.3d 359, 363 n. 8 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), *superseded by the Prison Litigation Reform Act on other grounds.* However, trial courts may use "rough" estimations, so long as they apply the correct standard. *Fox v. Vice,* 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011).

*Vasquez v. Kraft Heinz Foods Co.*, 2020 WL 1550234, at *7 (S.D. Cal. Apr. 1, 2020).

[2] On February 21, 2020, this court signed an order of dismissal of Heymann's appeal of damages in response to her motion to dismiss.

## Legal Analysis

Heymann asserts the trial court erred in using the lodestar method to calculate the amount of attorney's fees to which Grand Pointe is entitled. She also avers the trial court abused its discretion in awarding excessive and unreasonable attorney fees considering the amount of the judgment recovered. Heymann further asserts the trial court erred in failing to consider the factors enunciated in *Rivet v. State Department of Transportation & Development*, 96-145 (La. 9/5/96), 680 So.2d 1154.

Grand Pointe, in response to Heymann's appeal, first asserts that we do not have any appeal before us to consider because Heymann only filed for a suspensive appeal below and did not post the required security bond. We have held that when an appellant fails to timely post a bond for suspensive appeal the matter is converted to a devolutive appeal, for which there is no requirement of security, when the requirements of a devolutive appeal are timely met. Heymann's appeal of the attorney fee award was well within the time for filing a devolutive appeal and we therefore proceed to address the matter before us. *See*, *Letulle v. S & E Oil Co.*, 384 So.2d 598 (La.App. 3 Cir. 1980) and *Clement v. Graves*, 04-1831 (La.App. 1 Cir. 9/28/05), 924 So.2d 196, and cases cited therein.

The record before us contains the evidence presented by Grand Pointe to support its claim for reasonable attorney fees in the matter. This evidence consists of the attorneys' billing records which the parties stipulated contain the accurate "legal bills that are being requested in connection with the enforcement of the covenant issue and the collection of the assessments." The parties also stipulated that the bills submitted to Grand Pointe by its attorneys as reflected on this exhibit have all been paid and there was thus no need to call a witness in this regard. When the trial court asked counsel for Heymann "do you have anything you want to present?" he responded "No, ma'am. We've presented a pre-trial memorandum and

that's all that we have, Your Honor." Thus, the evidence presented by Grand Pointe is uncontroverted. The trial court then took the matter under advisement and later rendered judgment.

> The amount of attorney's fees rests largely within the discretion of the trier of fact and should not be disturbed unless unreasonable or manifestly erroneous. *Ardoin v. Kipling Korner Grocery,* 02–1372 (La.App. 3 Cir. 3/5/03), 839 So.2d 1167.

*Oracle 1031 Exch., LLC v. Bourque*, 11-1133 p. 7 (La.App. 3 Cir. 2/8/12), 85 So.3d 736, 742, *writ denied*,12-546 (La. 4/20/12), 85 So.3d 1272.

We have reviewed the detailed billing submitted as evidence and find nothing unreasonable in the amounts of time allotted for the work described. Heymann presented no evidence to counter Grand Pointe's assertion that the recited rate of $250.00 per hour is reasonable and we see no basis to find any abuse of discretion in the trial court's finding that such a rate is reasonable in the Lafayette area. The trial judge mentions the lodestar method for calculating attorney fees as a basis for its ruling. While Louisiana courts do employ this method in matters concerning federal law, we generally employ the method enunciated in *Rivet* when determining the reasonableness of attorney fees claimed and hours worked. As noted in footnote 1 of this opinion the court generally considers the same factors under either the lodestar or *Rivet* method.[3] Our review of the record before us discloses that under either method of calculation the attorney fee award is reasonable and that Grand Pointe's evidence is uncontradicted. In fact, Heymann admitted at the hearing on attorney fees she had no evidence to present to contradict the time logged or the amount charged other than to argue that the time logged, in her opinion, is not reasonable for the services rendered. But neither we, nor the trial court, are provided any evidence in support of Heymann's assertions that the specific time increments

---

[3] Under the lodestar method courts consider two additional factors.

4

logged as reflected in the stipulated records of Grand Pointe's attorneys are somehow unreasonable. After reviewing in detail the time records presented we find no indication of any unreasonable amounts of time for the work described. We cannot say the trial court abused its discretion in making its determination.

This court recently reiterated the well settled law to be applied in calculating reasonable attorney fees in *Camalo v. Courtois*, 19-15 pp. 8-9, (La.App. 3 Cir. 10/2/19), 280 So.3d 956, 962, *writ denied*, 19-1776, 19-1766 (La.1/14/20), 291 So.3d 682 and 686 (emphasis added):

> "A trial court's award of attorney fees should not be modified on appeal unless it has been shown to be an abuse of discretion." *Two Oil Servs., LLC v. Simons Petroleum, LLC,* 14-712, p. 8 (La.App. 3 Cir. 12/10/14), 155 So.3d 677, 683; *Master Credit Corp. v. Campbell & Assocs., Inc.*, 98-349 (La.App. 4 Cir. 11/25/98), 724 So.2d 266; *see also Gravolet v. Bd of Comm'rs for the Grand Prairie Levee Dist.,* 95-2477 (La.App. 4 Cir. 6/12/96), 676 So.2d 199. The supreme court articulated ten factors to be considered in reviewing the reasonableness of an award of attorney fees:
>
> > (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge.
>
> *State, Dep't of Transp. & Dev. v. Williamson*, 597 So.2d 439, 442 (La.1992). The supreme court noted that these factors were derived from Rule 1.5(a) of the Rules of Professional Conduct. *Id.*
>
> Attorney fees should be awarded on a case-by-case basis after examining the factors listed above. "*It is not per se unreasonable, as a matter of law, for the attorney fees award to be greater than the award for damages.*" *Health Educ.& Welfare Fed. Credit Union v. Peoples State Bank*, 11-672 p. 3 (La.App. 3 Cir. 12/7/11), 83 So.3d 1055, 1057 (citing *Dailey v. The Home Furnishings Store*, 02-1225 (La.App. 4 Cir. 9/17/03), 857 So.2d 1051.)

Additionally, in another recent case, this court explained that:

> Regardless of the language of the statutory authorization for an award of attorney fees or the method employed by a trial court in making an

award of attorney fees, courts may inquire as to the reasonableness of attorney fees as part of their prevailing, inherent authority to regulate the practice of law. *State, DOTD v. Williamson,* 597 So.2d 439, 441-42 (La.1992) and cases cited therein.

*State v. Louisiana Land & Expl. Co.*, 18-890 p. 2 (La.App. 3 Cir. 5/15/19), 272 So.3d 937, 939–40.

It is this inherent authority "derived from Rule 1.5(a) of the Rules of Professional Conduct," *Rivet*, 680 So.2d 1161, that formed the basis of the state supreme court's decision in *Rivet*, and likewise underpins the foundation of the lodestar method. The jurisprudence does not require that our courts weigh one factor more than others, but that we consider all of the factors enunciated in *Rivet* on a case by case basis. And this is so whether the basis for an attorney fee award is contractual or statutory. *See*, *Village Shopping Ctr. P'ship. v. Kimble Dev., LLC*, 19-238 (La.App. 5 Cir. 12/30/19), 287 So.3d 882. Here, it is both.

Heymann asserts that the mere fact that the attorney fees exceed the damages award is reason enough to overturn the trial court's judgment. This is simply not the law. *See Louisiana Land & Expl.*, 272 So.3d 937. In fact, where, as here, attorney fees are part of the recovery to which the prevailing party is entitled those fees form part of the total recovery. They are "a part of the calculation of the *results obtained* because such an award in th[is] instance is also *a part of the total recovery.*" *Id.* at 941. *See also*, *Camalo*, 280 So.3d at 956. Moreover, according to the U.S. Supreme Court, "'the degree of success obtained is the most crucial element in determining a reasonable attorney's fee.'" *Louisiana Land*, 272 So.3d at 941, quoting *Combs v. City of Huntington, Texas*, 829 F.3d 388, 394 (5th Cir. 2016) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933 (1983) and *Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012 (1985)). In *Camalo*, this court awarded the Camalos $108,250.66 in attorney fees "over three times the total, unchallenged,

damages awarded [of] $30,000.00" and awarded the Giglios "$65,000.00 in attorney fees, where they recovered roughly $22,000.00 in total damages." *Camalo*, 280 So.3d at 962.

The trial court stated in its judgment that it reviewed the lengthy detailed records provided by Grand Pointe before determining that the hours billed and the $250.00 per hour rate are both reasonable. Heymann offered no factual or expert evidence to contradict Grand Pointe's evidence. There is no basis in this record to gainsay the trial court's conclusion of reasonableness. Likewise, analyzing the only evidence available to us in this record, we conclude, after applying the relevant factors cited in *Camalo*, the trial court did not abuse its discretion in concluding an award of $50,675.00 for attorney fees is reasonable, though it exceeds the monetary damage award of $21,655.20. Taken together, the total recovery is substantial and represents a significant sum for a homeowners' association. Heymann's recalcitrant behavior, and insistence that the rules just do not apply to her, required considerably more work than might have been necessary had she been willing to follow the rules as required of all residents subject to the covenant restrictions. The ruling is not only a victory for the homeowners' association, but it is one for all homeowners in the development as it protects their property values and the integrity of their covenant restrictions. The attorneys were required to not only attend many court appearances but also had to attend many meetings with the homeowners' association, its members, and board as is reflected in its billing records.

In addition to the award of attorney fees below, Grand Pointe is also entitled to an award of attorney fees on appeal as the prevailing party.

> "Generally, when an award for attorney's fees is granted at the trial level, additional attorney's fees are proper for work done on appeal. This is to keep the appellate judgment consistent with the underlying judgment." *Wilczewski v. Brookshire Grocery Store,* 08–718, p. 18

(La.App. 3 Cir. 1/28/09), 2 So.3d 1214, 1226, *writ denied,* 09–456 (La.4/13/09), 5 So.3d 170.

*Oracle 1031 Exch., LLC v. Bourque*, 11-1133 p. 10 (La.App. 3 Cir. 2/8/12), 85 So.3d 736, 743, *writ denied*, 12-546 (La. 4/20/12), 85 So.3d 1272. We therefore amend the award of attorney fees to Grand Pointe to add the sum of $2,500.00 for work done by its attorneys on appeal.

The judgment of the trial court is affirmed as amended and all costs of this appeal are assessed against Cheryl C. Hames Heymann.

**AFFIRMED AS AMENDED**.